MARY WOOD PRATT, Respondent, *v.* GEORGE BURNS, Appellant.

Third Department, September 10, 1919.

Motor vehicles — negligence — injury by automobile approaching vehicle from behind — duty of driver attempting to pass other vehicle going in same direction.

A verdict of no cause of action was properly set aside and a new trial granted where it appeared, without dispute, that the plaintiff while driving up hill in a phaeton on the proper side of the road had the rear wheel of her vehicle struck by the defendant's automobile coming from behind, with a result that the phaeton was overturned, it appearing also that the defendant with proper care could have avoided another automobile coming down the hill without injury to the plaintiff, by merely slackening the speed of the car and dropping in behind the plaintiff's vehicle.

The duty of seeing that the roadway is clear in passing vehicles going in the same direction is upon the person attempting to make the passage.

Under the circumstances aforesaid the question of negligence of both parties was for the jury.

APPEAL by the defendant, George Burns, from an order of the Supreme Court, made at the Schuyler Special Term and entered in the office of the clerk of the county of Schuyler on the 23th day of September, 1918, granting plaintiff's motion for a new trial made upon the minutes after a jury had rendered a verdict of no cause of action.

*Olin T. Nye* [*Bertrand W. Nye* and *Lewis H. Watkins*], for the appellant.

*Charles C. Annabel* and *James O. Sebring*, for the respondent.

WOODWARD, J.:

This is an action for negligence. The plaintiff, on the afternoon of July 18, 1917, was driving between Burdette and Watkins. She was seated in a phaeton, accompanied by her nephew, a lad of thirteen years of age. They were passing up a steep grade (nine and six-tenths per cent) with a clear view of the highway in front for a distance of 1,668 feet, or approximately one-third of a mile. In front of the plaintiff was another horse-drawn vehicle going in the same direction. The defendant, in an automobile, driven by his daughter, came up behind the plaintiff's rig and it is claimed sounded his horn to give warning that he was to pass to the left. The roadway at this point appears to have been something like twenty-five feet in available width, fourteen feet of it macadamized, but with abrupt embankments on either side. Just at the time that the defendant turned out to pass the plaintiff, it is claimed that an automobile appeared over the brow of the hill, coming at a rapid rate, and the defendant, fearing a collision with the oncoming car, directed his daughter to turn to the right, in doing which the plaintiff's phaeton was struck and overturned, producing some personal injuries in addition to the injuries to the vehicle.

There appears to be no substantial disagreement about the facts, and a jury has decided that the plaintiff failed to establish a cause of action. Upon the plaintiff's motion the court has granted a new trial on the minutes, and the defendant appeals from the order.

Appellate courts are reluctant to overrule the trial court in cases of this kind. There is so much that occurs upon a trial which is not reflected in the record that it is only in a plain case that the discretionary order of the trial court in granting a new trial will be disturbed. In this case it seems clear to us that the defendant was not confronted with a situation which justified him in colliding with the plaintiff's vehicle, where the plaintiff was well over on her lawful side of

the highway.   He was running up a steep grade, and, as he claims, only at the rate of twelve miles an hour.   The contact with the plaintiff's phaeton was with the rear wheel, which indicates that by merely slacking the pace and dropping in behind the plaintiff would have obviated all danger.   To stop a car going at the rate of twelve miles an hour up a nine and six-tenths grade is not a difficult thing, and it would seem to be entirely unnecessary to have the collision which is portrayed in the evidence.   Assuming that the car coming in the opposite direction was running at the rate of forty or fifty miles an hour — and there is no competent evidence of any such speed — it was in plain sight for a distance of practically one-third of a mile, and it was obviously dangerous for the defendant to undertake to pass the plaintiff in the face of this approaching car.   A simple and obvious escape from the danger was .to slacken the pace of the defendant's car and to take its place in the rear of the two horse-drawn vehicles in front, and the situation suggests no reason why this could not have been done after the other car came into view.   The duty of seeing that the roadway is clear in passing vehicles going in the same direction is clearly upon the person attempting to make the passage, and reckless drivers should not be encouraged by ill-considered verdicts of juries.   We think the question of negligence of both parties was for the jury.

We think this a proper case for granting a new trial, and the order appealed from should be affirmed.

Order unanimously affirmed, with costs.