C. H. JOHNSON, Appellee, v. H. A. KINNAN, Appellant.

**TRIAL:** Instructions—Unsupported Issues. Unsupported assignments of negligence must not be submitted to the jury.

**TRIAL:** Taking Question From Jury—Audible Signals. Positive testimony by one party that an audible signal was given at a named time and place, and positive testimony by another party to the effect that, at the same time and place, he did not hear any signal, present an issue of fact for the jury.

**HIGHWAYS:** Law of Road—Nonproximate Negligence. Passing to the *right* of an overtaken vehicle is quite immaterial when such act was not the proximate cause of an injury.

**HIGHWAYS:** Law of Road—Passing at Intersections. A rebuttable presumption of negligence attends the act of a motor vehicle driver

in attempting to pass another driver at a street intersection. There may be a permissible "passing" even at intersections.

**HIGHWAYS: Law of Road—Signaling Change in Course of Travel.** It is *prima facie* negligent for a bicycle rider to fail to signal his change of course of travel, whether such change would lead him *into the line of travel* of a vehicle approaching from the rear or would *carry him away* from the line of travel of such approaching vehicle; and manifestly, in either case the failure to so signal may or may not be the proximate cause of an injury.

**HIGHWAYS: Law of Road—Sufficiency of Signals.** A driver approaching a vehicle from the rear is not necessarily negligent because he fails to make the driver in advance *hear* his signaled approach.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

APRIL 3, 1923.

ACTION to recover damages for personal injury caused by a collision between a bicycle ridden by the plaintiff and an automobile driven by the defendant. Verdict for the plaintiff, and defendant appeals.—*Reversed.*

*C. H. E. Boardman,* for appellant.

*F. E. Northup,* for appellee.

FAVILLE, J.—East Main Street in the city of Marshalltown runs east and west. It is intersected at right angles by First Avenue. The intersection of said streets is in the business district of said city. East Main Street is approximately 48 feet in width from curb to curb. Located on said street are two sets of street car tracks. The center of each of the car tracks is approximately 18 feet from the curb. The cars on the south track move to the east and those on the north track to the west.

On or about the 7th of December, 1916, the appellee was riding a bicycle eastward on East Main Street, between the rails of the south street car track, close to the south rail. At that time, the appellant was driving his automobile eastward on East Main Street, some distance behind the appellee, and about 2½ feet south of the south rail. In this situation, the parties approached the intersection of East Main Street and First Avenue.

The evidence tends to show that, as the parties approached the intersection, the appellant sounded the horn on his automobile when he was about 150 feet west of the corner, and again just before reaching the corner. His testimony is that he had pushed out the clutch on the car, and was driving about six or eight miles an hour. The appellee's contention is that he was riding his bicycle slowly at the time, and that it was his intention to turn north on First Avenue; that the movement of vehicles to the westward on the north side of the street interfered somewhat with his turning to the north on First Avenue; and that he was looking for an opportunity to go northward down that street. It is his contention that he did not hear any sound of the horn of appellant's car, and did not look back, and did not know that the appellant was approaching.

At a point near the west curb of First Avenue, the appellant's car passed the appellee on the south, or right-hand side. It is the claim of the appellee that his bicycle was struck by the fender of the appellant's car; while it is the contention of the appellant that the appellee's bicycle "wobbled," as the appellee was moving slowly and attempting to turn northward onto First Avenue, and that the bicycle and the appellee fell to the south, and struck the appellant's car.

There were but two witnesses, outside of the parties to the accident, who saw the collision. One of these testified in behalf of the appellant, and the other in behalf of the appellee. The appellee described the location where the accident occurred as being just before he reached the intersection. The appellee testified that he was not paying any attention to what was coming behind him, and that he made no motion or signal to indicate that he intended to turn to the right or to the left.

Appellee's claim was predicated upon seven alleged grounds of negligence.

I. It is contended that the trial court erred in submitting to the jury the ground of negligence that appellant did not have his car under control. By proper request, appellant asked that this ground of negligence be withdrawn from the consideration of the jury. The court did withdraw from the jury the alleged ground of negligence in failing to apply the brakes, and also the alleged

1. TRIAL: instructions: unsupported issues.

negligence in operating at an improper rate of speed. Appellant argues that, with these two grounds of negligence withdrawn, the ground of failure to have the car under control should have been withdrawn also. Counsel says, "What can there be to 'control' but speed and the means of checking that speed?"

Manifestly, the ability to turn the automobile and to expeditiously change its course to avoid collision or injury may have something to do with the "control" of an automobile. The present ability to increase or decrease the speed at which a car is moving, and likewise the ability to divert or change its course, may be properly involved in the question of control. If there were evidence that the appellant could have averted the collision in this case by diverting the course of the automobile, this question might properly have been one for the jury. But there was no such evidence. We think that the court erred in submitting this ground of negligence to the jury. It should have been withdrawn.

II. Appellant contends that the court erred in submitting to the jury the alleged ground of negligence of failure to warn appellee of the approach of the automobile.

Appellant and a witness who was upon the street near the intersection both testify positively that appellant gave a timely warning of his approach, by sounding the horn on the auto.

2. TRIAL: taking question from jury: audible signals.

Appellee and his witness, who was also near the intersection, testify that they did not hear the horn sounded.

It was for the jury to determine, from the situation of the respective parties, the attention that was being given to the matter, and all the other facts and circumstances as shown by the testimony, whether or not the appellee established this claim of negligence. It was not error to submit this question to the jury, upon the record.

III. It is contended that the court erred in refusing to withdraw from the jury the ground of alleged negligence in attempting to pass appellee on the right-hand side. It is con-

3. HIGHWAYS: law of road: nonproximate negligence.

tended, first, that appellee was not on the right side of the street near the curb, as he should have been, and that, in order for appellant to

pass him, it was necessary for appellant to pass to the right of appellee, because of the traffic moving to the westward on the north side of the street, on appellee's left.

The statute, Code Supplement, 1913, Section 1571-m18, provides:

"2.　The operator of a motor vehicle, when overtaking and passing another vehicle, shall pass to the left where the surface of the ground will permit and shall not drive to the right until clear of such vehicle."

Code Supplement, 1913, Section 1569, provides, in part:

"Whenever a person in any vehicle shall approach from the rear upon the public highway and desire to pass, it shall be the duty of the driver or operator of such vehicle ahead to give one half of the beaten path thereof, upon proper signal or request, by turning to the right.　The vehicle approaching from the rear shall turn to the left and shall not return to such road or path within less than thirty feet of the team or vehicle which has been passed."

It is contended by appellant that he was not attempting to pass appellee at all, and therefore could not have been guilty of negligence in driving to the right of appellee.　Under the evidence, it would have been a question for the jury as to whether or not, at the time of the collision, the appellant was attempting to pass the appellee to the right; but another question confronts us at this point, and that is whether or not, even if it be true that appellant was attempting to pass appellee, it was negligence for him to attempt to pass to the right of appellee, and whether this was the proximate cause of the injury. The statutes above quoted establish the rule of the road respecting the overtaking and passing of another vehicle, and require that such passage shall be to the left, "where the surface of the ground will permit."　The statute also provides that, upon signal, the driver of the vehicle in advance shall surrender one half of the beaten path of the highway, by turning to the right. These statutes establish a rule of general application, that one overtaking another vehicle and attempting to pass the same must do so on the left.　As in the application of all rules, there may arise emergencies or exigencies where it may not be improper for one to overtake and pass a vehicle on the right.　It is pos-

sible to imagine a situation where the refusal of the driver of the advance vehicle, after due signals, to change his course, and the lack of space and the continued congestion of an opposing current of traffic, and all the attendant circumstances to the left of the advance vehicle, might render it necessary for the driver of the rear vehicle to pass to the right of the advance one. The rule of the statute requires that such overtaking and passage shall be to the left of the advance vehicle. *Prima facie,* it is negligent to make the passage on the right of the advance vehicle. It may, however, be a question of fact, under all the circumstances, as to whether or not it was negligence in a given case for the driver of the rear vehicle to attempt to pass the advance vehicle on the right, and whether he attempted so to do in a careful and proper manner. *Herdman v. Zwart,* 167 Iowa 500; *Carpenter v. Campbell Auto Co.,* 159 Iowa 52; *Needy v. Littlejohn,* 137 Iowa 704; *Hubbard v. Bartholomew,* 163 Iowa .58.

In this case, however, it appears that the attempt of the appellant to pass to the right of the appellee, if he did attempt so to do, was in no wise the proximate cause of the injury to appellee. Under appellee's own evidence, it was his purpose to turn to the left, and he was endeavoring so to do at the time. According to appellee, he was trying to turn away from the appellant,—not toward him,—if appellant was on his right. Under such condition, the fact that appellant was to the right of appellee instead of to his left was in no manner the proximate cause of the accident. A finding of the jury to that effect could not have been sustained. For this reason, the court should have withdrawn this question of negligence from the consideration of the jury.

IV. Complaint is made that the court erred in submitting to the jury the alleged ground of negligence that appellant was attempting to pass appellee at a street intersection, and was, therefore, negligent.

Section 1571-m18, Code Supplement, 1913, provides:

"7. In cities and towns, it shall be unlawful for the operator of any motor vehicle to overtake and pass another vehicle at street intersections in the business district."

Like the question of passing on the left a vehicle that has

been overtaken, this is a matter of statute, and the violation of such statutory requirement is prima-facie negligence. There

**4. HIGHWAYS:**
**law of road:**
**passing at**
**intersections.**

was evidence in the case to carry the question to the jury as to whether or not the appellant was attempting to pass the appellee at a street intersection at the time of the collision. Of course, the statute does not lay down an invariable rule that establishes negligence in every case of an attempted passage at a street intersection. The facts and circumstances may be such that it is not negligence for a driver to attempt to pass another at an intersection of streets. An emergency or excusing circumstance may be such as to relieve a party from the presumption of negligence which a violation of the statute raises. See cases supra.

It was not error for the court to refuse to withdraw this ground of negligence from the consideration of the jury, under the evidence in the case.

V. It is contended that appellee was guilty of contributory negligence, and that the trial court erred in refusing to direct a verdict on this ground. This presents the difficult question in this case.

We have often said that ordinarily the question of contributory negligence is one for the jury. In *Dice v. Johnson,* 187 Iowa 1134, we said:

"Considerations of due care would seem to require that any other vehicle using the highway concurrently with such motor vehicles should adapt itself to the general rules of the road which are imposed by statute or ordinance upon the great body of vehicles moving thereon. To put it in another way, the driver of a motor vehicle, being subjected by ordinance [statute] to certain rules of the road, has a right to rely upon the observance of these rules by other vehicles, meeting or passing. Otherwise, he is unprotected against collision, even though he himself observes the rule. Indeed, the very efficacy or workability of the rules requires uniformity in their application. * * * as a rule of care in riding upon the streets of such city, the bicycle rider must adapt himself to the rules of the street, as applied to the great body of its traffic, and, in the event of collision with a motor vehicle, the duty of care of each driver

will be deemed mutual and reciprocal, and will be measured by the same rules of the road.''

Was appellee guilty of contributory negligence as a matter of law? Section 1571-m18 (1), Code Supplement, 1913, provides that the driver of a vehicle on the streets in cities and towns ''shall at all times travel on the right-hand side of the street, as near the curb as the condition of the street will permit.''

Appellee was amenable to this statute. However, it is his contention that there were automobiles parked next to the curb on the right-hand side of the street, and that he was substantially complying with the provisions of the statute in riding his bicycle in the place where he was located upon the street. We think that, under the record, it was a question for the jury to determine whether the appellee was guilty of violation of the statute in this regard, and also whether or not, if he was so guilty, the same was the proximate cause of the injury.

Section 1571-m18, Code Supplement, 1913, provides as follows:

''3. The operator of a motor vehicle shall, before stopping, turning or changing the course of such vehicle, first see that there is sufficient space to make such movement in safety and shall give a visible or audible signal to the crossing officer, if there be such, or to the drivers of vehicles following, of his intention to make such movement, by raising the hand and indicating with it the direction in which he wishes to turn.''

5. HIGHWAYS: law of road: signaling change in course of travel.

Under our holding in *Dice v. Johnson,* supra, the duty to obey this provision of the statute rested upon the appellee at the time, while riding his bicycle upon the street. The evidence fails to show that the appellee, before turning or changing the course of his vehicle, gave a visible or audible signal to the drivers of vehicles following, of his intention to make such movement, by raising the hand and indicating with it the direction in which he wished to turn. The failure to obey this statute was prima-facie negligence on the part of the appellee. The question, however, as to whether or not, under all of the circumstances surrounding the accident, the failure of the appellee to

give the required signal was the proximate cause of the collision was a question, we think, for the jury.

The appellant testified:

"I was not thinking of Mr. Johnson. * * * He was not in my line of travel, and I was not paying particular attention to him. * * * The first I noticed was his hand coming up opposite to where I sat in the front seat. * * * From conditions, I would say that the back fender of the car was the part Mr. Johnson mixed with that caused him to fall to the pavement. * * * I think the back fender was what struck the handle bar."

Upon the entire record of the case, we think it was a question for the jury to determine whether or not the failure of the appellee to give a signal of his intention to change his course and turn in the street was the proximate cause of the accident.

It is also contended that the appellee was guilty of contributory negligence in failing to give one half the road by turning to the right after the appellant had signaled to the appellee of his approach. We have heretofore set out the requirements of the statute in this regard. It is the appellee's contention that at no time did he hear any signal by the appellant, warning him of his approach or indicating any desire to pass the appellee. The appellee would not be held guilty of contributory negligence in failing to obey a warning signal unless he in fact heard it, or by reason of the surrounding facts and circumstances was guilty of negligence in failing to hear it. Under the record in this case, this was a question for the jury.

The case is very close upon the question as to whether or not, under the facts disclosed in the record, the appellee was guilty of contributory negligence as a matter of law; but we are of the opinion that the question of whether or not the appellee was so guilty of contributory negligence was properly one for the determination of the jury.

VI. In Instruction 21, the court told the jury that, if it found that the appellee "turned to the right," either in front of or into appellant's car, and failed to give warning or signal "of such turn to the right," if he so turned, he would be guilty of contributory negligence, and said:

"However, if you believe from the evidence that plaintiff did not so turn his bicycle to the right without warning or

signal, as claimed by the defendant, you will find for the plaintiff on this issue.''

A duty rested upon the appellee to give a signal if he intended to turn to the left, the same as if he intended to turn to the right. His testimony is that it was his intention to turn to the left, and proceed northward up First Avenue. Appellant contends that the appellee in fact turned his bicycle to the right, and directly into the approaching automobile. If he did so, he was guilty of contributory negligence.

If, however, he turned to the left, as he claims, without giving a signal of his intention so to do, and if his failure to give a signal indicating his intention to turn to the left contributed to the accident, then he was guilty of contributory negligence.

We think that the court should not have limited the question of the duty resting upon the appellee so as to require him to signal merely if he turned to the right. Under his own theory, he was endeavoring to turn to the left, and it was his duty to. so signal. If, under the circumstances, his failure so to do contributed to the injury, then he cannot recover, and the jury should have been so told.

VII. In Instruction 25, the court told the jury that if, as the appellant approached the intersection, ''he failed to request the privilege of passing the plaintiff thereat, or to give a proper signal which was heard by the plaintiff, or any other warning of his approach, then his approach was without warning, and upon this issue you will find for the plaintiff.'' ·

6. HIGHWAYS: law of road: sufficiency of signals.

In Instruction 26, the court told the jury that, if it believed that ''the defendant failed to give any warning to the plaintiff of his approaching the plaintiff that was heard by the plaintiff,'' etc., the jury should find for the plaintiff.

The driver of an automobile is not necessarily negligent because he may fail to make the driver of a vehicle in advance of him ''hear'' his warning signal. Circumstances may arise where it is quite impossible for him to know that he has done so. It is his duty to give a signal, and the distance at which it is given from the advanced vehicle, the loudness of the signal, and all of the circumstances surrounding the situation enter

into the question as to whether or not the driver of the rear
vehicle has been guilty of negligence in regard to the warning.
Obviously, he cannot be a guarantor that the driver of an ad-
vance vehicle will hear the signal which he has given. His sig-
naling device may produce the plaintive squawk characteristic
of the ubiquitous Ford, or the more blatant blast that heralds
the presence of the aristocratic Rolls-Royce; but in either event,
he is not required, at his peril, to know that the driver of the
car in front of him shall "hear" the signal. He must exercise
all such due care on his part as a man of ordinary care and
prudence would use under similar circumstances, to give a warn-
ing of his approach and communicate the said warning to the
driver of the advance vehicle. If such proper, timely, and suf-
ficient warning has been given, it cannot be said, as a matter of
law, that the driver is still guilty of negligence because the
operator of the vehicle to whom the warning is directed has, as
a matter of fact, failed to hear the same. We think that these
instructions as given were erroneous.

In Instruction 24, the court told the jury that:

"The plaintiff had a right to ride his bicycle anywhere along
the south half of East Main Street, Marshalltown, Iowa, be-
tween intersections, so far as this case is concerned."

As we have heretofore pointed out, this is not the law.

In Instruction 30, the court told the jury that if, at the
time of the collision, the bicycle had reached the intersection
of East Main Street and First Avenue, "then and under such
circumstances the defendant would have had no
7. HIGHWAYS: law
of road: passing   right whatever to have attempted to pass the
at intersections.
plaintiff, and that any such attempt to pass on
the part of the defendant, if you so find, would have consti-
tuted negligence on the part of the defendant."

A similar thought was expressed in other instructions. The
trial court was evidently seeking to advise the jury that the
attempt to pass another vehicle in a street intersection would be
negligence *per se*, because of the provisions of the statute. This
instruction, however, told the jury that "the defendant would
have *no right whatever*" to attempt to pass the appellee at an
intersection. As we have heretofore pointed out, this left out
of consideration the surrounding facts and circumstances which

the jury should properly have taken into consideration in determining whether or not the appellant was guilty of negligence in attempting to pass the appellee, if he was so attempting, at the intersection.

Furthermore, appellant was not guilty of negligence in being within an intersection, even though there was another vehicle in the same intersection. The purpose of the statute in requiring the driver of a vehicle to signal before making a turn applies particularly at a turn in the street intersection. If the purpose of the appellee was to turn to the left, as he testified, and if he had properly signaled the appellant that he was about to do so, it would not have been negligence, as a matter of law, for the appellant to have advanced in the street intersection, even though, by so doing, it might be said that he would have "passed" the appellee, who would have been turning away from him.

Although the passing of a vehicle at an intersection is prohibited, and makes one who does so *prima facie* guilty of negligence, still it is for the jury to determine, under all the facts and circumstances shown in the case, whether such presumption of negligence has been overcome, and whether such failure to obey the statute was the proximate cause of the injury.

The instructions did not cover the matter as fully as appellant was entitled to, and as appellant requested.

Other errors complained of by appellant are not likely to occur upon a retrial of the case.

The judgment of the district court will be reversed, and the cause remanded for new trial.—*Reversed and remanded.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.