# Smith v. Yellow Cab Co., Appellant.

*Negligence—Automobiles—Pedestrian — Sudden turn of car — Signal—Proximate cause—Case for jury—Joint tort-feasors.*

1. Where a taxicab driver is hailed by a prospective passenger from the right-hand curb as he is driving in the middle of the street, if he wishes to turn to the curb, it is his duty, in doing so, to exercise such caution as traffic conditions demand, and to signal other vehicles notice of his intention to change his course, or bring his car to a standstill if necessary, until afforded a free passage.

2. If he fails to do so, and turns abruptly in front of another car, and forces the driver of the latter to quickly deflect and in doing so to strike a pedestrian in the act of crossing at a regular crossing place for pedestrians, the driver of the taxicab is guilty of negligence, and his act is the proximate cause of the injury.

3. In such case the employer of the taxicab driver cannot assert that the driver who struck the pedestrian was also negligent.

4. One who suffers injury, from the joint negligence of two or more persons, has a right of action against them either jointly or severally.

Argued December 2, 1925. Appeal, No. 401, Jan. T., 1925, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1923, No. 4497, on verdict for plaintiff, in case of Chester A. Smith v. Yellow Cab Co. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Trespass for personal injuries. Before Smith, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting record.

*Maurice W. Sloan,* for appellant.—Plaintiff did not produce any evidence to support even a presumption of

negligence on part of defendant or its employees: Gilles v. Leas, 282 Pa. 318; Vergilio v. Walker, 254 Pa. 241; Stubbs v. Edwards, 260 Pa. 75; Makin v. Patterson, 270 Pa. 107; Healey v. Shedaker, 264 Pa. 512.

Even if there was evidence of negligence on part of defendant, that negligence could not be construed as the proximate cause of the accident: Boggs v. Tea Co., 266 Pa. 428; Bannon v. R. R., 29 Pa. Superior Ct. 231; Swanson v. Crandall, 2 Pa. Superior Ct. 85.

*Joseph P. Gaffney,* with him *Martin G. Stein* and *Frederick W. Bauer,* for appellee, cited: Boggs v. Tea Co., 266 Pa. 428; Howarth v. Express Co., 269 Pa. 280; Mellon v. R. R., 282 Pa. 39; Thomas v. Traction Co., 270 Pa. 146; Smith v. Transit & Light Co., 282 Pa. 511; Carroll v. Traction Co., 4 Pa. D. & C. R. 425.

OPINION BY MR. JUSTICE FRAZER, January 4, 1926:

Plaintiff was walking southward on the west sidewalk of Broad Street in the City of Philadelphia and as he crossed Wallace Street, was struck by an automobile driven by one O'Neill, sustaining injuries for which this action was brought. Defendant was owner of a taxicab, at the time, traveling southward near the center of Broad Street. On the right of its cab and slightly to the rear was the car driven by O'Neill. The traffic signals were set for southbound traffic to proceed across Wallace Street and both cars were running at approximately the same speed. As the two cars were about to cross Wallace Street, the driver of defendant's cab was signalled to stop by an intending passenger, standing on the right-hand side of Broad Street, south of Wallace. In answer to the signal, the driver turned abruptly, and without notice, to the right across Wallace Street at an angle, in front of O'Neill, thereby forcing the latter, to avoid a collision, to quickly deflect his car to the right and westward into Wallace Street and in so doing hit plaintiff, who, at the time, was in the act of crossing

that street at the regular crossing place for pedestrians. The jury found for plaintiff and defendant appealed from the order refusing a new trial and to enter judgment non obstante veredicto in its favor, claiming no negligence on the part of its driver was shown, or, if so, such negligence was not the proximate cause of plaintiff's injury.

Under the facts, both questions were clearly for the jury. While defendant's driver was not running at a reckless speed, he knew, or should have known, that in the condition of traffic on a city street, where there are likely to be vehicles on either side of him, a sudden turn to the right or left without warning would probably result in the cars colliding. Conceding the cab driver had a right to proceed from the middle of the street, at an angle toward the right-hand curb, it was his duty, in doing so, to exercise such caution as traffic conditions demanded and signal other vehicles notice of his intention to change his course, or bring his car to a standstill if necessary, until afforded a free passage. On a wide city thoroughfare, such as here existed, where traffic is frequently congested, it is not unusual to see two or more cars running abreast of each other, making it impossible for one to suddenly change its course to the right or left without causing a collision. Although, it is true, there is evidence that defendant's driver, held out his hand as a warning signal of his intention to turn, this was denied, and, as the verdict indicates the denial was accepted by the jury. The result showed that either the warning, if given, was not observed, or that it came too late for the driver of the other car to act upon it. It was for the jury to say whether, under the particular circumstances, the cab driver took the reasonable precautions the situation required of him.

Whether defendant's chauffeur's negligence was the proximate cause of plaintiff's injury was also for the jury. It was his duty to foresee that a sudden change of the course of his cab to the right would compel the

car on his right to likewise make a quick turn, and, if the warning notice was insufficient, a collision would unquestionably occur, or to anticipate that the natural and probable consequences of a sudden turn would necessitate a deflection of the machine on his right to avoid collision, with consequent danger to pedestrians in the proper use of the sidewalk or crossing: Boggs v. Jewell Tea Co., 266 Pa. 428, 432; Howarth v. Express Co., 269 Pa. 280, 282. If the cab driver was negligent, whether O'Neill, the driver of the car which struck plaintiff, was also negligent, is immaterial. It is no answer by one who is guilty of negligence to say that the joint negligence of another person combined to produce the injury complained of. The rule is that one who suffers injury from the joint negligence of two or more persons has a right of action against them either jointly or severally: Smith v. Transit Co., 282 Pa. 511, 516, and cases there cited.

The judgment is affirmed.