J. H. DREHER v. M. W. DIVINE.

(Filed 20 October, 1926.)

**1. Automobiles—Negligence—Passing Upon Highways—Signals—Warnings.**

    The driver of an auto-truck along a public highway is not held to the same degree of care in observing those who may wish to pass him coming from the rear, as in front, and is not required to turn to the right for such purpose, unless he is apprised by the one who wishes to pass, by proper signal, of his intention to do so. C. S., 2617.

**2. Same—Reasonably Safe Conditions.**

    The driver of an automobile upon the signal of a faster car approaching from the rear, must turn to the right so that the other may pass to his left, when the conditions existing there at the time are reasonably safe to permit the other to pass.

**3. Same.**

    The driver of an automobile who wishes to pass from the rear another ahead of him, must keep his automobile under control, so as to avoid a collision if the driver ahead of him apparently does not hear his signals or is not aware of his intention to pass, or the condition of the road makes it unsafe not only to himself, but to those who are driving from the opposite direction.

DREHER *v.* DIVINE.

APPEAL by plaintiff from *Midyette, J.,* at May Term, 1926, of New HANOVER.

Civil action to recover for damage to plaintiff's automobile, alleged to have been caused by the negligence of the driver of defendant's truck, in failing properly to yield the road on signal from plaintiff's agent.

The usual issues of negligence, contributory negligence and damages were submitted to the jury; and, from a verdict on the first issue in favor of defendant, the plaintiff appeals, assigning errors.

*Herbert McClammy for plaintiff.*
*Wright & Stevens for defendant.*

STACY, C. J. On 19 May, 1923, defendant's truck, loaded with furniture and operated by an employee, was moving along the public highway from Wilmington to Wrightsville Sound, when plaintiff's automobile, operated by a Mr. Marsh, was wrecked as it ran into the ditch alongside the road when the driver undertook to pass the truck on the left, approaching it from the rear. The automobile did not strike the truck, nor the truck the automobile. It is alleged that by reason of the failure of the driver of the truck properly to yield the road, the driver of the automobile was forced to run into the ditch in order to avoid striking the truck.

The driver of the defendant's truck testified that he could not see a car or vehicle approaching from the rear because of the heavy load of furniture, and that he was prevented from hearing, and did not hear, the signal given by the operator of plaintiff's car, if, indeed, it were given, because of the noise made by the truck.

It is the position of the plaintiff that the operator of the defendant's truck was guilty of negligent driving, on his own testimony, under the following clause in C. S., 2617: "Any person so operating a motor vehicle shall, on overtaking any such horse, draft animal, or other vehicle, pass on the left side thereof, and the rider or driver of such horse, draft animal, or other vehicle, shall, as soon as practicable, turn to the right so as to allow free passage on the left."

Plaintiff says it was the absolute duty of the driver of the truck, under this provision of the statute, to know that plaintiff's car was approaching from the rear, and that, if he did not hear the signal, it was his duty to hear it, or to keep a lookout for approaching vehicles from the rear, and to turn to the right so as to allow plaintiff's car free passage on the left, failing in which, he should be held liable for all damage, or injury, proximately flowing therefrom. We are unable to assent to this interpretation of the statute. We cannot think the Legislature intended to require the driver of a vehicle, Janus-like, to keep the same constant lookout backward as in the range of vision

looking forward. *Delfs v. Dunshee,* 143 Iowa, 381; *Watkins v. Byrnes,* 230 Pac. (Kan.), 1048; *Strever v. Woodard,* 141 N. W. (Iowa), 931, 46 L. R. A. (N. S.), 644.

It is true a slower vehicle has no right to obstruct a faster one desiring to pass, if the situation be such as to permit the rear one to pass in safety. And when the driver of a faster conveyance desires to pass a slower one, it is the duty of the driver of the one in advance, upon notice of the approach of the rear one and that it desires to pass, to turn to the right so as to allow free passage on the left, "as soon as practicable," according to the reasonable appearance of the situation. *Morrison v. Clark,* 196 Ala., 670. But the driver of the forward vehicle cannot be expected to turn to the right until he is apprised of the approach of the rear one and that its driver desires to pass. *Dunkelbeck v. Meyer,* 140 Minn., 283. The statute, we think, requires one to turn to the right when another overtakes him on the highway and indicates a desire to pass, but only after notice of such desire. *Mark v. Fritsch,* 195 N. Y., 282; *Pens v. Kreitzer,* 98 Kans., 759.

Moreover, the driver of a forward vehicle cannot be required to yield the road unless and until the conditions are such as to render a passage reasonably safe. And if the forward driver be not allowed sufficient time to turn to the right before the rear vehicle runs upon him, or is forced off the road in order to avoid striking him, he cannot be held liable for negligence, contributory or otherwise. One who operates an automobile should have it under control and if the driver of a front car has no knowledge of an approaching vehicle from the rear, and apparently does not hear its approach, the driver of the rear or trailing vehicle should reduce his speed and stop, if necessary, to avoid a collision or an injury. He cannot proceed regardless of the fact that the driver of the front vehicle does not turn to the right of the road, unless there be ample room to pass in safety without it.

"If there be not sufficient room it is said to be 'the duty of the foremost traveler to afford it, on request made, by yielding an equal share of the road; if that be adequate and practicable; if not, the object must be deferred till the parties arrive at ground more favorable to its accomplishment.'" 2 Elliott, Roads and Streets, sec. 1084. But the failure of the leading traveler to turn to the right so as to allow free passage on the left will not justify the other in purposely running into him or attempting to pass at all hazards. *Avegno v. Hart,* 25 La. Ann., 235, 13 Am. Rep., 133. The forward driver, however, may, under certain conditions, render himself liable for obstructing the highway *(S. v. Malpass,* 189 N. C., 349), but this is not our case.

Furthermore, a traveler who passes the left of the center of the highway is liable to violate the law of the road as to a third vehicle

approaching from the opposite direction, and hence he should attempt to pass a forward vehicle only when he can do so with safety to the travelers he is meeting as well as to the vehicle he is passing. *Pratt v. Burns,* 177 N. Y. Supp., 817. He must exercise reasonable care in making the passage so that injury may not result to other travelers on the road. *Bishard v. Engelbeck,* 180 Iowa, 1132, 164 N. W., 203.

Speaking to a similar situation in *Government Street Lbr. Co. v. Ollinger,* 94 So. (Ala. App.), 177, *Samford, J.,* clearly states the law as follows: "When two automobiles are being driven along a public road in the same direction, the relative duties the one owes to the other are to be governed somewhat by the circumstances. of the particular case. The driver of the front car owes no duty to the rear or trailing car except to use the road in the usual way, in keeping with the laws of the road, and until he has been made aware of it, by signal or otherwise, he has a right to assume, either that there is no other automobile in close proximity to his rear, or that, being there, it is under such control as not to interfere with his free use of the road in front of and to the side of him in any lawful manner. In the absence of facts or circumstances that would put him on notice of the near approach of another automobile from his rear, the driver may drive slow or fast, select the parts of the road best suited to travel, stop or start at will, or turn into side roads, without the giving of signals of such intentions. Of course the rule would be different on the streets of a city, where the passage of automobiles along the streets is constant and frequent, requiring of all drivers of motor vehicles a high degree of care and watchfulness, this of itself being sufficient notice of the near approach of other cars, and under the same circumstances, known to the driver, the same rule as applied to city streets would apply to county highways; but to be applicable, the facts must be specially pleaded, which is not done in this case."

The judge's charge in the instant case was in keeping with the law as we understand it, hence the verdict and judgment will be upheld.

No error.