These cases are considered as one, being consolidated in both courts, with one judgment rendered and one appeal taken therefrom. It is a case wherein J.E. Austin, as plaintiff, seeks to recover the total amount of $239.92, of which $50 is in his own right, and $189.92 is for the use and benefit of Federal Insurance Company, his collision insurance carrier, for damages arising out of a collision between his automobile and a truck-trailer belonging to Landry Stanberry, driven by Dumas Richard. The amount of damage is admitted, if liability is found. The defendant is the liability insurer of the truck and trailer. Defendant prosecutes this appeal from a judgment in favor of the plaintiffs for the sums claimed.
The accident under review happened on May 15, 1940, at about the hour of 1:30 P.M., in or near the unincorporated village of Paradis on U.S. Highway No. 90, between Morgan City and New Orleans. At the scene of the accident the paved highway, which runs east and west, is straight for at least a quarter of a mile in either direction.
The evidence shows that at a point about one-half mile from the scene of the collision the truck was travelling in a westward direction at the rate of about 25 miles per hour and that plaintiff, who was following or trailing the truck, was driving at a rate of about 35 miles per hour, and that while still a good distance, about 100 feet, from the truck he indicated his intention of passing it, by blowing his horn and turning into the left lane of travel, and that having fully entered the left lane, he again blew his horn to warn the truck driver of his intention of passing the truck. When plaintiff's car was abreast or opposite the rear end of the trailer attached to the truck, the truck driver made a sharp left turn over the center line in order to make a right turn to Ledet's filling station. Plaintiff immediately applied his brakes and cut to the left; the right front of his car came into contact with the left rear end of the trailer on the left side of the center line of the highway. It is practically undisputed that the truck and trailer got over some three or four feet to the left of the center line of the paved highway preparatory to making the right hand turn into Ledet's driveway to the north and that the rear end of the trailer was *West Page 627 
about that far over the center line when the collision occurred.
The driver of the truck-trailer is charged with negligence, which was the proximate cause of the accident, in suddenly pulling his truck and trailer to the left without giving any hand signal and without ascertaining the presence of plaintiff in the rear, who had given the proper signal twice of his intention to pass the truck and trailer. The truck driver admits that he did not give any signal of his intention to pull his truck and trailer to the left of the road as he planned to go into the driveway leading to Ledet's filling station. He says that he looked in his rear view mirror before pulling to his left, but that he did not see plaintiff's car approaching from the rear in the left lane of travel, nor did he hear any horn or signals by plaintiff of his intention to pass. He has not given any reasonable explanation as to why he did not hear the signals or see plaintiff approaching in the left lane of travel. His negligence is so obvious as not to need any further discussion.
The next question is the negligence, if any, of the plaintiff Austin, the defendant having made the charge of contributory negligence on the part of Austin. It is charged (1) that Austin was driving at an excessive speed of 45 miles per hour through the unincorporated village of Paradis, contrary to Rule 4, Subsection C, Section 3, Act 286 of 1938; (2) in attempting to pass the truck while driving at such excessive speed; (3) in failing to give the proper signal as required by law; and (4) in attempting to pass the truck and trailer at an intersection and in his failure to keep a proper lookout and have his car under proper control.
The most serious charge, in fact, the only one urged by the defendant in this court, of negligence on the part of plaintiff is excessive speed under the circumstances. The evidence, as previously stated, is to the effect that plaintiff, when some one hundred feet to the rear of the truck-trailer, sounded his horn and cut to his left, notifying the truck driver of his approach and intention of passing him. There was no oncoming traffic, and after being in the left lane of travel, in the act of passing the truck, plaintiff again gave a warning by the blowing of his automobile horn, that he was in the act of passing both truck and trailer. It was not until plaintiff's car was abreast or opposite the rear end of the trailer that the truck driver pulled his truck to the left, with no warning whatsoever, and at that time, in view of the circumstances, the plaintiff was properly in the left lane of travel; and he immediately applied his brakes and cut to his left, with the result that his car skidded some 40 or 50 feet and the right front of his car struck the left rear end of the trailer at a point on the highway some 4 feet south, or to the left, of the center line, and came to a stop, after travelling a few more feet, on the left side of the highway, with its two left wheels well on the shoulder. It would seem, then, that the plaintiff did everything that could be expected in the emergency which confronted him.
As to whether or not plaintiff was in any way responsible for the emergency in which he found himself, the record discloses the following situation: Paradis is an unincorporated village of some 600 inhabitants, lying to the north of Highway No. 90, and between the right of way of the T. N.O. Railway Co. (Southern Pacific System). On the north side of the highway there is a cafe at which were parked, at the time of the accident, some automobiles to the number of a dozen or so, some five feet or more from the concrete slab of the highway; immediately thereafter was the filling station of Mr. Ledet, with a driveway leading from the highway into the station. There are a post office, store, and several residences further west on the north side of the highway. On the south side, cast of the scene of the accident, distance not given, there is a residence some 75 feet off of the right of way of the highway, and some tourist cottages. There is no intersection of the highway for at least 400 feet to the west.
About a quarter of a mile to the east, there was a sign setting forth that the speed limit was 45 miles per hour for automobiles; there was not any sign thereafter showing any other reduction in the speed or notice that the unincorporated village of Paradis was being approached necessitating a reduction of speed. While it is proven that Austin was travelling at the rate of 35 to 45 miles per hour, the picture of the scene of the accident as we have it in our minds does not justify our conclusion that such a speed was in violation of any statute. The weather *West Page 628 
condition then existing was good and the road was straight and level.
In view of these facts and circumstances, we are of the opinion that the plaintiff was driving in a reasonable manner, and not in violation of law, and that the emergency which caused the accident was created solely by the negligence of the truck driver in making the sudden left turn without any warning, and, since the plaintiff acted in the emergency as any prudent man would, we can attach no blame to him, and must conclude that the proximate cause of the accident was the negligence of the truck driver. Obviously, the trial court came to the same conclusion, and we cannot find any error of judgment.
The judgment appealed from is therefore affirmed.