CHARLES K. DORMAN, appellee, v. SERVICE SALES COMPANY, appellant.

No. 47711.

(Reported in 44 N.W.2d 716)

NOVEMBER 14, 1950.

Gibson, Stewart & Garrett and Wendell B. Gibson, all of Des Moines, for appellant.

Herrick & Langdon and Ross H. Sidney, all of Des Moines, for appellee.

OLIVER, J.—The only question presented by the appeal is whether plaintiff was guilty of contributory negligence as a matter of law. In considering the sufficiency of the evidence to justify submitting to the jury the question of plaintiff's contributory negligence, the record, under the rule, will be viewed in the light most favorable to plaintiff.

Defendant's delivery truck collided with plaintiff's automobile in the intersection of Twenty-fifth Street and Cottage Grove Avenue, Des Moines. It was daytime and visibility was good, although a drizzle of rain or melting snow was falling. The pavement was wet. Plaintiff was driving south on Twenty-fifth Street at a speed of about twenty miles per hour which was reduced as he approached the intersection. He looked to his right (west) and saw no vehicles approaching from that direction. An apartment house on the corner to his left blocked his view of Cottage Grove Avenue to the east until he entered the intersection. He then looked and saw defendant's truck approaching the intersection from the east at an estimated speed of twenty-five or thirty miles per hour. Plaintiff testified he started to apply the brakes of his car but thought it might skid on the wet pavement so he "started to step on the accelerator in

order to speed on across, and that is where he hit me." Plaintiff's automobile was struck in the left rear and turned over on its right side. There were no "stop" signs at the intersection, although defendant's truck went through a "slow" sign as it approached the intersection.

Defendant's only contention is that plaintiff did not have his automobile under control when approaching and traversing the intersection, as required by section 321.288, Code of Iowa, 1950. In this connection it should be said plaintiff's car had the right of way over defendant's truck, under Code section 321.319, which provides that where the paths of two vehicles "intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way."

Aside from some elements not here involved (see Johnson v. Kinnan, 195 Iowa 720, 723, 192 N.W. 863) an automobile is under control, as required by Code section 321.288, if it is moving at such a rate and the driver has the mechanism and power under such control that he can bring it to a stop with a reasonable degree of celerity. Carlson v. Meusberger, 200 Iowa 65, 204 N.W. 432; Carruthers v. Campbell, 195 Iowa 390, 192 N.W. 138, 28 A. L. R. 949. Control does not necessarily mean ability to stop instanter. Whether a car may be said to be under control depends upon the existing circumstances. The fact that one had the right of way over another approaching from his left is a material circumstance bearing upon the question of control. A driver with the right of way has the right to assume, until he knows or should know otherwise, that other drivers will comply with the statute giving him precedence. Davidson v. Vast, 233 Iowa 534, 541, 10 N.W.2d 12, 16; Schwickerath v. Maas, 230 Iowa 329, 332, 333, 297 N.W. 248; Carlson v. Meusberger, 200 Iowa 65, 78, 79, 204 N.W. 432; Rogers v. Jefferson, 224 Iowa 324, 327 to 330, 275 N.W. 874; Beck v. Dubishar, 240 Iowa 267, 36 N.W.2d 438.

So in this case the conduct of plaintiff must be viewed in the light of the circumstances. No vehicles were approaching from his right and until he entered the intersection and defendant's truck came into view he could properly assume vehicles on his left would not violate the statute which gave his car the right of precedence. Apparently it was then too late to avoid

the collision. Under the circumstances it cannot be said plaintiff's speed of less than twenty miles per hour and his control were such as to render him guilty of contributory negligence as a matter of law. As pointed out in most of the decisions cited herein, the question of control, under like circumstances, is one of fact. We hold the question of plaintiff's contributory negligence was properly submitted to the jury.—Affirmed.

All JUSTICES concur except HALE, J., not sitting.