GRAHAM W. CLAYTON, appellee, v. RAYMOND McILRATH, appellant.

No. 47723.

(Reported in 44 N.W.2d 741)

1164

NOVEMBER 14, 1950.

Cross & Hamill, of Newton, for appellant.

Tomasek & Vogel, of Grinnell, for appellee.

GARFIELD, C.J.—On July 3, 1949, in daylight, defendant's 1948 Olds followed by plaintiff's 1937 Lincoln Zephyr was proceeding south on highway 146, surfaced with "blacktop" 24 feet wide and 5-foot dirt shoulders. Defendant's car in turn was following a 1931 Chevrolet driven by Ebert. Plaintiff turned out to the left to pass defendant's car.

The evidence in the light most favorable to plaintiff is that he sounded his horn, increased his speed of 35 to 40 miles per

hour to 40 to 50 miles per hour and started to pass defendant on the left. When the front of plaintiff's automobile was about even with defendant's steering wheel defendant suddenly, without warning, turned to the left and started to pass the Ebert (front) car. Plaintiff turned farther to the left to avoid colliding with defendant's Olds, struck an 8by8-inch timber on the edge of the shoulder, thereby lost control of his car and it was thrown into the ditch along the east (left) side of the road. After traveling south in the ditch about 170 feet he struck a raised driveway leading into a farmyard, turned end over end and came to rest 30 to 35 feet south of the driveway.

Upon the trial plaintiff had verdict and judgment for $600. Defendant's appeal alleges errors in instructing the jury, refusal of requested instructions, denial of a new trial, and refusal to direct a verdict on the ground plaintiff was contributorily negligent as a matter of law.

I. The third and fourth charges of negligence in plaintiff's petition are that defendant was negligent in turning his vehicle from a direct course upon the highway (3) without first ascertaining if such movement could be made with safety and (4) without giving an appropriate signal to plaintiff either by means of his hand and arm or other proper signal or signal device, all as required by sections 321.314 to 321.318, Code, 1946, inclusive.

The first instruction to the jury, designated statement of issues, contains the substance of the above specifications of negligence. The tenth instruction, evidently intended to inform the jury as to the law governing these specifications, states in the first paragraph that plaintiff contends defendant was negligent as alleged in the third and fourth charges, repeating the third and abbreviating the fourth thus, "without giving an appropriate signal to plaintiff of his intention to change from the right to the left-hand side of the highway for the purpose of passing the preceding [Ebert] car." No reference is here made to Code sections 321.314 et seq.

The second paragraph of instruction 10 states merely it was defendant's duty before turning from a direct course to the left for the purpose of passing a preceding vehicle to use ordinary care to ascertain whether such movement could be made in safety and a failure to use such care would be negligence. No complaint

is made of this portion of the instruction nor of the submission of the third charge of negligence. Neither the tenth nor any other instruction states defendant was under any duty to give a signal of his intention to turn out to the left and the instructions are silent as to the law with respect to the fourth charge of negligence.

Defendant objects to the parts of instructions 1 and 10 which refer to the fourth specification of negligence because it is not applicable to the facts in the case. Defendant argues he was not required to give the signal by arm and hand or other appropriate means required by Code sections 321.314 to 321.318, inclusive, of one who is about to "turn a vehicle from a direct course upon a highway." The contention is that merely turning out to pass a preceding car is not turning from a direct course and that section 321.314 applies mainly, if not wholly, to turning at intersections and driveways.

Plaintiff contends the fourth charge of negligence was not submitted to the jury, the references thereto were not prejudicial to defendant and the instructions are less favorable to plaintiff than he was entitled to since defendant was required under the circumstances to give a signal of his intent to turn from a direct course.

■ Whether or not a signal was required of defendant under the circumstances the references in instructions 1 and 10 to the fourth charge of negligence, coupled with failure to instruct on the law applicable thereto, cannot be approved. If the trial court did not intend to submit the fourth specification the instructions should have made no reference thereto. We have frequently pointed out it is better practice not to refer in the instructions to an issue that for lack of evidential support or otherwise is not submitted to the jury. Forrest v. Sovereign Camp W.O.W., 220 Iowa 478, 483, 261 N.W. 802; Lange v. Bedell, 203 Iowa 1194, 1202, 212 N.W. 354; Canfield v. Chicago, R. I. & P. Ry. Co., 142 Iowa 658, 663, 121 N.W. 186, and citations.

If the statement of the issues for any reason (as where the issue has been referred to in the jury's presence during the trial) contains an issue not finally submitted to the jury the instructions

should plainly say such issue is withdrawn from the jury's consideration.

If, conceding the propriety thereof, the trial court intended to submit the fourth charge of negligence obviously the jury should have been instructed upon the law applicable thereto.

■ It is true, as plaintiff argues, the mere statement of the issues raised by the pleadings does not ordinarily operate as submission of a question to the jury and whether the inclusion therein of an issue not submitted is reversible error depends upon whether such action in the particular case appears to have been prejudicial. See authorities supra. We observe, however, that instruction 1 here commences, "Under the issues submitted to you plaintiff alleges * * *" and ends, "These are the issues submitted to you * * *. Whether they have been sustained, you must determine from the evidence * * *."

■ Since the instructions do not state defendant was under a duty to give a signal by arm and hand or otherwise, thus inferentially rejecting plaintiff's contention such a signal was required, we think reference to plaintiff's fourth charge of negligence in the statement of the issues and in instruction 10, while not to be approved, was not sufficiently prejudicial to defendant to warrant reversal.

We find it unnecessary to determine the question so strenuously argued as to whether it was defendant's duty under the circumstances to give the appropriate signal by hand and arm or otherwise that sections 321.314 et seq. require of a motorist who is about to turn a vehicle from a direct course upon a highway. Such a question seems never to have been squarely decided by us.

Janvrin v. Broe, 239 Iowa 977, 986, 987, 33 N.W.2d 427, 432, 433, cited by defendant, holds merely that a motorist is not required to give the signal required by sections 321.314 et seq. when starting a parked vehicle. In such case section 321.313 governs. Obviously a motorist who is starting a parked car cannot possibly give the signal required by section 321.315 for the last one hundred feet traveled by him before turning. In Johnson v. Kinnan, 195 Iowa 720, 192 N.W. 863, relied on by plaintiff, plaintiff's vehicle was approaching an intersection where he said he intended to turn.

We may observe, however, that irrespective of sections 321.314 et seq. the common-law duty of a motorist to exercise ordinary care may in a particular case warrant a finding of negligence where the motorist fails to give an appropriate signal of his purpose to turn out to the left to pass a car ahead when such movement may involve danger to other users of the highway. See Miller v. Lowe, 220 Iowa 105, 107, 261 N.W. 822; Cardell v. Tennessee Elec. P. Co., 5 Cir., Ga., 79 F.2d 934; Federal Ins. Co. v. Employers Liability Ins. Corp., La. App., 4 So.2d 626; Smith v. Yellow Cab Co., 285 Pa. 229, 132 A. 124; Riccio v. Ginsberg, 49 R. I. 32, 139 A. 652, 62 A. L. R. 967; 60 C. J. S., Motor Vehicles, section 303c, page 719; Huddy, Automobile Law, Ninth Ed., Vol. 3-4, section 132, page 218: "Even in the absence of statute, the driver of an automobile may be charged with negligence if, without warning to a vehicle approaching from the rear, he turns his machine so that the rear vehicle is unable to stop or avoid a collision."

The common-law duty to exercise ordinary care under the circumstances, irrespective of statute, rests on a motorist at all times. Statutory rules of the road are cumulative and do not abrogate this common-law duty. They set the minimum, rather than the maximum, standard of care. Compliance with statute is not all that is required of a motorist. See Langner v. Caviness, 238 Iowa 774, 779, 28 N.W.2d 421, 424, 172 A. L. R. 1135, 1138; Delfs v. Dunshee, 143 Iowa 381, 385, 122 N.W. 236; Sulham v. Bernasconi, 106 Vt. 192, 170 A. 913; 60 C. J. S., Motor Vehicles, section 268, page 648; 5 Am. Jur., Automobiles, section 280, page 657.

II. Defendant complains of the refusal of his fourth requested instruction which stated, in substance, that if plaintiff failed to use reasonable care in applying brakes and checking the speed of his automobile after failing to pass defendant and such failure directly contributed to the injuries complained of, this would constitute contributory negligence.

At best it is doubtful if defendant's objections in the trial court to the refusal of his requested instructions were sufficient to entitle him to a consideration of the alleged errors based thereon. See Pond v. Anderson, 241 Iowa 1038, 1046, 44 N.W.2d 372, 377, and citations. However, we think the thought of de-

fendant's fourth request is sufficiently covered by the instructions given, especially instructions 16 and 17. Six instructions were given on the issue of plaintiff's freedom from contributory negligence.

Instruction 16 deals with plaintiff's duty to drive at careful speed under the circumstances. Instruction 17 explains plaintiff's duty to have his car under control in overtaking and attempting to pass defendant. It contains the statement we have frequently made that a car is under control when it is moving at such a rate and the driver has the mechanism and power under such control that he can bring it to a stop with a reasonable degree of celerity. See Dorman v. Service Sales Co., 241 Iowa 1182, 1184, 44 N.W.2d 716, 717, and citations.

III. The court did not err in refusing defendant's fifth requested instruction to the effect plaintiff would be guilty of negligence if he saw defendant was not giving way to the right when plaintiff attempted to pass and plaintiff thereafter carelessly persisted in his attempt to pass instead of dropping back into the line of traffic. Insofar as this request is applicable to the facts it is sufficiently covered by the instructions given, particularly No. 14.

The evidence is without dispute that before defendant turned out to the left to pass the Ebert car he was traveling on the right side of the highway. Ebert was at all times on the right. Testimony for plaintiff is that defendant was on the right side until he suddenly swerved to the left as plaintiff's car, in the act of passing, was abreast of defendant's. It is true the jury might have found from testimony for defendant that he started to pass the Ebert car before plaintiff turned out to pass defendant. However, instruction 14 states that if the jury so found, plaintiff would be negligent in attempting to pass defendant after the latter had turned out to pass the Ebert car. This instruction is as favorable to defendant as his fifth request.

In general the cases defendant cites in support of this assigned error arose from failure or refusal of the overtaken driver to give way to the right upon signal from the overtaking driver of his desire to pass. Under such circumstances the overtaking motorist is not justified in persisting in his attempt to pass until he collides with the forward vehicle but should reduce

his speed or stop if necessary to avoid such collision. Ware v. Saufley, 194 Ky. 53, 237 S.W. 1060, 24 A. L. R. 500; Dreher v. Divine, 192 N. C. 325, 135 S.E. 29, 47 A. L. R. 696, 698; 60 C. J. S., Motor Vehicles, section 326a(1), page 756; 5 Am. Jur., Automobiles, section 282, page 659. This is not such a case.

█ IV. The seventh specification of negligence in plaintiff's petition is that defendant failed to keep a proper lookout. At the close of plaintiff's testimony defendant moved to withdraw this specification from the jury because the evidence failed to support it. The record shows no definite ruling on the motion but this specification was submitted to the jury and defendant did not object to the instructions for so doing. Upon this appeal defendant objects to the submission of the seventh charge of negligence on the ground he was under no duty to keep a proper lookout except toward the front. Since no such ground was urged in the trial court, upon familiar principles defendant is not entitled to urge it here.

However, the contention is without merit. Defendant has presented authorities to the effect a motorist is not ordinarily required to keep a lookout to the rear—at least his primary duty is to look for traffic ahead. Defendant cites Delfs v. Dunshee, 1909, supra, 143 Iowa 381, 389, 122 N.W. 236, 240 (where we say the driver of a horse-drawn cart was not "bound to keep a lookout backwards"); Riccio v. Ginsberg, supra, 49 R. I. 32, 139 A. 652, 62 A. L. R. 967; Dreher v. Divine, supra, 192 N. C. 325, 135 S.E. 29, 47 A. L. R. 696. See also 2 Berry, Automobiles, Seventh Ed., section 2.322, page 320.

█ █ Notwithstanding the cited authorities, with which we have no quarrel, a motorist who is about to turn to his left to pass a preceding vehicle is required to exercise ordinary care under the circumstances to keep a lookout for other vehicles which may be in the act of passing him or otherwise be endangered by such movement. If, as plaintiff's testimony tended to prove, plaintiff's car was abreast of defendant when the latter turned suddenly to the left, the jury could properly find defendant was negligent in failing to keep a lookout.

█ As stated in 1 Blashfield, Cyc. of Automobile Law and Practice, Perm. Ed., section 685, "The duty of a driver to look

is paramount, though he must use reasonable care to ascertain whether cars are coming from behind if intending to change his course * * *." And from 60 C. J. S., Motor Vehicles, section 284a, page 663, "A motorist must keep a lookout ahead, or in the direction of travel, or in the direction from which others may be expected to approach * * *."

V. It was not error to refuse defendant's sixth requested instruction to the effect the driver of an overtaking car must not only sound his horn but before he attempts to pass must be reasonably assured the driver ahead heard the signal and if the overtaking driver proceeds in his attempt to pass without such assurance he would be negligent.

While this request finds some support in the authorities it is contrary to the rule in this state and, we think, the weight of authority. No statute requires the overtaking driver to assure himself his signal has been heard. On the contrary, Code section 321.301 provides, in substance, that upon proof an audible signal has been given under such circumstances that the forward driver could, by the exercise of ordinary care, hear such signal, the burden shall rest upon him to prove he did not hear it.

In Johnson v. Kinnan, 195 Iowa 720, 729, 730, 192 N.W. 863, 867, we say:

"The driver of an automobile is not necessarily negligent because he may fail to make the driver of a vehicle in advance of him 'hear' his warning signal. Circumstances may arise where it is quite impossible for him to know that he has done so. * * * he is not required, at his peril, to know that the driver of the car in front of him shall 'hear' the signal."

As stated in 60 C. J. S., Motor Vehicles, section 326c, page 761, "The driver of the passing car need not assure himself that his signals were heard and understood by the driver of the preceding car, although if he is aware of the fact that his signals were not heard he is. negligent if he proceeds to pass without further signal." And from the same authority, section 326a(1), pages 756, 757, "The driver of the overtaking vehicle may assume that the * * * overtaken vehicle * * * will remain on the right side of the road after warnings * * * until such time as the motorist, exercising ordinary prudence, can see that such assumption is unwarranted."

Other authorities in support of the conclusion herein reached include McLaughlin v. Curry, 242 Mich. 228, 218 N.W. 698, 699; Banta v. Hestand, 181 Okla. 551, 75 P.2d 415; McWright v. Providence Tel. Co., 47 R. I. 196, 131 A. 841, 843.

VI. Defendant contends plaintiff was guilty of contributory negligence as a matter of law because, it is argued, the signal he says he gave of his desire to pass defendant was not timely but was given while in the act of passing rather than before such movement. Much of defendant's argument on this issue is the same argument made in support of his sixth requested instruction considered in the preceding Division V.

It is true a signal of a desire to pass a preceding vehicle must be timely. 60 C. J. S., Motor Vehicles, section 326c, page 760. Whether such a signal was given here was a question for the jury. The evidence as a whole, in the light most favorable to plaintiff, supports the conclusion it was given.

There is substantial evidence from which the jury could find defendant was on the right side of the highway when plaintiff sounded his horn and then started to pass defendant and it was not until plaintiff's car was practically abreast of defendant that the latter suddenly turned out to the left to pass the Ebert car. Until then, the jury could find, plaintiff had no reason to suspect that defendant would not stay on the right side of the highway until plaintiff had safely passed. Until defendant suddenly turned to the left plaintiff was entitled to assume defendant would act with ordinary care and in compliance with statutory provisions. See as bearing on this proposition Dorman v. Service Sales Co., supra, 241 Iowa 1182, 1184, 44 N.W.2d 716, 717.

In support of our conclusion the issue of freedom from contributory negligence was for the jury it is sufficient to cite Robson v. Barnett, 241 Iowa 1066, 44 N.W.2d 382; Sulham v. Bernasconi, supra, 106 Vt. 192, 170 A. 913.

We think defendant has not shown sufficient grounds for a new trial or other relief in this court.—Affirmed.

BLISS, OLIVER, WENNERSTRUM, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.

HALE, J., not sitting.