Davenport et al. *v.* Evans, Appellant, et al.

Argued May 27, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Maurice Metzger,* with him *F. Brewster Wickersham* and *Metzger & Wickersham,* for appellants.

*William H. Neely,* with him *Joseph Nissley* and *Lewis S. Kunkel,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, July 6, 1948:

This is an appeal from the court's refusal to grant defendant's, Rufus Evans, motion for judgment n. o. v.

Plaintiffs, Thomas W. Davenport, his wife Edna, and minor son, Thomas W., Jr., sustained injuries in a collision involving defendants' trucks and Thomas W. Davenport, Sr.'s Dodge Sedan. Plaintiffs instituted two actions in trespass to recover damages. One action was filed by Thomas W. Davenport, Jr. by his Guardian, Thomas W. Davenport, Sr., and Thomas W. Davenport, Sr. in his own right against Rufus Evans. The second action was filed by Thomas W. Davenport, Sr., and his wife Edna against Rufus Evans; the latter's petition to join John R. Mason as additional defendant was granted. The cases were consolidated and the following verdicts returned by the jury: (1) A verdict against Rufus Evans for $1500 to Thomas W. Davenport, Jr. and for $500 to Thomas W. Davenport, Sr. (2) Against Rufus Evans and John R. Mason, additional defendant, for $2,000 to Thomas W. Davenport, Sr., and for $5,000 to Edna Davenport.

The accident occurred on September 5, 1939, at noon on a clear day on Route 22, about five miles outside of Harrisburg, Pa. Thomas W. Davenport, Sr., accompanied by his wife and minor children, was traveling east on Jonestown Road, also known as Route 22. Rufus Evans, the defendant, was driving his bread truck in a westerly direction towards Harrisburg on the same road. For a distance of one and a half miles before the collision, George W. Helms, who was operating in the course of his employment an International Tractor Trailer outfit with a load of coal weighing 15 to 17 tons for John R. Mason, additional defendant in this case, was following Evans at a speed of 25 to 30 miles an

hour and kept about 150 feet behind him. A short distance from a private driveway leading in a northerly direction off the highway into a private residence, Evans reduced his speed and as he reached a point opposite the driveway (about 20 feet east), he pulled across the center line of the highway without signalling and made a right turn into the drive. This caused Helms, who was about 12 or 15 feet in the rear of Evans and who attempted to pass the latter on his right, to swerve to the left in an effort to avoid colliding with the bread truck. As a consequence, he struck the right rear bumper of Evans' truck throwing it into a telephone pole, veered across the highway into the path of plaintiff's car and crashed into it.

The jury found that Evans, in proceeding in the manner ascribed to him, acted in negligent disregard of the following provisions of Section 1012 of The Vehicle Code, Act of May 1, 1929, P. L. 905, as amended by the Act of June 27, 1939, P. L. 1135, 75 PS 571:

"(a) The driver of any vehicle upon a highway, before starting, stopping or turning from a direct line, shall first see that such movement can be made in safety . . . and whenever the operation of any other vehicle approaching or following may be affected by such movement, shall give a signal, as required in this section, plainly visible to the driver of such other vehicle of the intention to make such movement.

"(b) The signal herein required shall be given by means of the hand and arm, in the manner herein specified . . ."

The jury also found that Evans' conduct was a proximate cause of the accident.

As the court below pointed out, this case is controlled by the decision in *Smith v. Yellow Cab Company*, 285 Pa. 229, 132 A. 124. In that case, defendant's chauffeur was operating a taxicab southward near the center of Broad Street, Philadelphia, Pa. Slightly to the rear of the cab, on its right side, a car was being driven by one O'Neill. The cab driver, receiving a signal from a

potential passenger, turned abruptly, and without notice, to the right across Wallace Street, at an angle in front of O'Neill thereby forcing the latter to avoid collision, to quickly deflect his car to the right. In so doing, he struck plaintiff who was crossing the street. This Court in affirming plaintiff's judgment said:

"Conceding the cab driver had a right to proceed from the middle of the street, at an angle toward the right-hand curb, it was his duty, in doing so, to exercise such caution as traffic conditions demanded and signal other vehicles notice of his intention to change his course, or bring his car to a standstill if necessary, until afforded a free passage. . . . Although, it is true, there is evidence that defendant's driver, held out his hand as a warning signal of his intention to turn, this was denied, and, as the verdict indicates the denial was accepted by the jury."

We added: "It was his [taxicab driver's] duty to foresee that a sudden change of the course of his cab to the right would compel the car, on his right to likewise make a quick turn, and, if the warning notice was insufficient, a collision would unquestionably occur, or to anticipate that the natural and probable consequences of a sudden turn would necessitate a deflection of the machine on his right to avoid collision, with consequent danger to pedestrians in the proper use of the sidewalk or crossing. [Citing cases] If the cab driver was negligent, whether O'Neill, the driver of the car which struck plaintiff, was also negligent, is immaterial. It is no answer by one who is guilty of negligence to say that the joint negligence of another person combined to produce the injury complained of. The rule is that one who suffers injury from the joint negligence of two or more persons has a right of action against them either jointly or severally: Smith v. Transit Co., 282 Pa. 511, 516, and cases there cited."

The above decision rules this case.

The judgment is affirmed.