572 A.2d 831

Valerie SUSKO

v.

**PENNSYLVANIA STATE POLICE, a Governmental Agency; Commonwealth of Pennsylvania, Department of Transportation, a Governmental Agency; and Thomas F. Hershberger, an individual, and Kenneth M. Adams.**

**Appeal of Kenneth M. ADAMS.**

**Kenneth M. ADAMS, Appellant,**

v.

**PENNSYLVANIA STATE POLICE, a Governmental Agency; Commonwealth of Pennsylvania, Department of Transportation, a Governmental Agency, and Thomas F. Hershberger, an individual, Appellees.**

**Valerie SUSKO, Appellant,**

v.

**PENNSYLVANIA STATE POLICE, a Governmental Agency; Commonwealth of Pennsylvania, Department of Transportation, a Governmental Agency; and Thomas F. Hershberger, an individual, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1990.

Decided March 27, 1990.

264

266

Heather S. Heidlbaugh, with her, Howard F. Messer, Messer, Shilobod & Crenney, and Daniel R. Gigler, Robb, Leonard & Mulvihill, Pittsburgh, for appellants, Valerie Susko and Kenneth M. Adams.

Brian H. Baxter, Sr. Deputy Atty. Gen., with him, Mark E. Garber, Chief, Tort Litigation Unit, Harrisburg, and Ernest D. Preate, Jr., Scranton, for appellee, Pennsylvania State Police.

William J. Stokan, Sullivan, Forr, Stokan & Huff, Altoona, for appellee, Thomas F. Hershberger.

Before CRAIG and PALLADINO, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Kenneth M. Adams (Adams) and Valerie Susko (Susko) appeal the Bedford County Common Pleas Court's order granting judgment on the pleadings in favor of Thomas F. Hershberger (Hershberger) and the Pennsylvania State Police (PA State Police). We affirm.

Adams's and Susko's identical complaints contain the following factual allegations. At 8:15 a.m. on May 26, 1985, Hershberger fell asleep at the wheel of his automobile while traveling in a westerly direction on U.S. Route 30. As a result, he careened into an embankment and ended up in the middle of the highway, where his automobile leaked transmission fluid onto the surface area. Trooper Miller of the PA State Police investigated the accident and directed traffic thereafter.

At approximately 11:20 a.m., three hours after the Hershberger accident, motorcyclist Adams and passenger Susko came around the bend in a westerly direction to the prior accident site and skidded on fluids covering the highway. Again, Trooper Miller investigated the accident.

In a February 21, 1989 order and memorandum in support thereof, the trial court granted Hershberger's motion for judgment on the pleadings, holding that the complaints failed to state a cause of action in negligence against Hershberger. It stated that Hershberger owed no duty of care to Adams and Susko, that the risk of injury to the latter two was not reasonably foreseeable and that his conduct was not the proximate cause of their injuries.

In granting the PA State Police's motion, the trial court found that they too had no duty to Adams and Susko because none of the statutory exceptions to the former's sovereign immunity, as outlined in the Judicial Code, 42 Pa.C.S. § 8522(b)(1)-(9), was present. Also, the trial court stated that the PA State Police have only a general duty to the public at large, and that no exception to the "no-duty" rule was created here.[1]

The issue before us is whether the trial court correctly granted judgment on the pleadings in favor of Hershberger and the PA State Police.[2] We note that our scope of review here is limited to determining whether the trial court in granting judgment on the pleadings manifestly abused its discretion or committed an error of law. *E–Z Parks v. Philadelphia Parking Authority,* 110 Pa.Commonwealth Ct. 629, 532 A.2d 1272 (1987), *petition for allowance of appeal denied,* 519 Pa. 656, 546 A.2d 60 (1988). Additionally, we as the appellate court recognize that

1. "The no-duty rule provides that a police officer's obligation to protect the citizenry is a general duty owing to the public at large, and not a specific duty owing to particular persons." *Morris v. Musser,* 84 Pa.Commonwealth Ct. 170, 174, 478 A.2d 937, 939 (1984) (citation omitted).

2. The Department of Transportation, another Appellee, did not participate in the PA State Police's Motion for Judgment on the Pleadings.

[a] motion for judgment on the pleadings is in the nature of a demurrer in which all of the opposing party's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the objecting party may be considered against him. Such motions may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise.

*Id.* 110 Pa.Commonwealth Ct. at 633–34, 532 A.2d at 1275 (citations omitted).

In their respective complaints, Adams and Susko allege that Hershberger committed the following reckless, wanton, negligent and careless acts:

(a) In allowing himself to fall asleep while operating a motor vehicle thereby violating 75 Pa.C.S.A. § 3714; and/or

(b) In failing to maintain his vehicle within the applicable and safe speed limits in light of the circumstances and in violation of 75 Pa.C.S.A. § 3361, § 3362(a)(1); and/or

(c) In operating said vehicle at an excessive and/or unsafe rate of speed in violation of 75 Pa.C.S.A. § 3361, § 3362(a)(1); and/or

(d) In failing to properly control his vehicle; and/or

(e) In his operating his motor vehicle in reckless, negligent, and careless disregard for the safety of persons and property in violation of 75 Pa.C.S.A. § 3714; and/or

(f) In failing to adequately and/or properly and/or timely pay attention to conditions on the roadway; and/or

(g) In failing to obtain adequate rest so as to properly operate his motor vehicle; and/or

(h) In knowingly operating his motor vehicle in an impaired condition so as to be physically and/or mentally and/or emotionally unable to operate said vehicle safely; and/or

(i) In creating a hazardous and/or dangerous obstruction on a public highway; and/or

(j) In failing to notify the appropriate authorities of said incident in violation of 75 Pa.C.S.A. § 3746(a)(2); and/or

(k) In causing to be deposited upon a highway dangerous and detrimental substances and failing to have same removed in violation of 75 P.S.A. § 3709(a) & (b); and/or

(*l*) In otherwise failing to exercise due care and caution under the circumstances.

As per the PA State Police, the parties allege the following reckless, wanton, negligent and careless conduct:

(a) In failing to set up proper signs warning Plaintiff of dangerous conditions looming ahead; and/or

(b) In failing to remove the transmission fluid and/or antifreeze and/or other fluids emitted from the Hershberger vehicle from the roadway promptly in violation of 75 Pa.C.S.A. § 7310(a); and/or

(c) In failing to obtain assistance from other State, Commonwealth and governmental agencies to assist in the clean-up and/or control and/or traffic control and/or traffic warning duties of this matter; and/or

(d) In failing to otherwise comply with the rules and regulations of the Pennsylvania State Police in the handling of accidents of the type caused by Hershberger; and/or

(e) In otherwise failing to exercise due care and caution under the circumstances.

Adams and Susko first allege that the trial court erred as a matter of law in granting judgment on the pleadings because it considered factual averments that they did not admit. Specifically, they contend that the trial court erred in finding that no cause of action existed because they failed to plead that (1) Hershberger had any duty to them, (2) there was a breach of any duty and (3) their injuries were proximately caused by Hershberger's actions as a result of his breach of duty to them.

█ In their complaints, Adams and Susko allege that Hershberger had à duty to them via subparts (a) and (b) of

Section 3709 of the Vehicle Code (Code), 75 Pa.C.S. § 3709(a), (b). Section 3709 provides:

(a) General rule.—No person shall throw or deposit upon any highway any waste paper, sweepings, ashes, household waste, glass, metal, refuse, or any dangerous or detrimental substance.

(b) Removal of deposited material.—Any person who drops, or permits to be dropped or thrown, upon any highway any waste paper, sweepings, ashes, household waste, glass, metal, refuse or rubbish, or any dangerous or detrimental substance shall immediately remove the same or cause it to be removed.

(c) Removal of material following accident.—Any person removing a wrecked, damaged or disabled vehicle from a highway shall remove from the highway or neutralize any glass, oil or other injurious substance resulting from the accident or disablement.

(d) Penalty.—Any person violating any of the provisions of subsection (a) or (b) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of not more than $300.00.

75 Pa.C.S. § 3709(a)–(d).

However, we agree with the trial court that only subpart (c) is applicable here since (a) and (b) address littering. As per the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b), "[w]hen the words of the statute are clear and free from all ambiguity, the letter of it will not be disregarded under the pretext of pursuing its spirit."

█ Here, the General Assembly was very clear in requiring the person removing the damaged automobile to also remove any substance resulting therefrom. Therefore, in order for Adams and Susko to plead a cause of action based on Hershberger's or the PA State Police's failure to remove the substances, they would have had to allege that Hershberger or an agent of the PA State Police removed the damaged vehicle. Because they failed to do so, we

cannot sua sponte charge anyone with the duty of removing substances or any breach of the same.

Adams and Susko state that the trial court found as a matter of law that Hershberger owed no duty of care to them because the risk of injury to them was not reasonably foreseeable. Additionally, they allege that the trial court erred in deciding the question of proximate causation on a Motion for Judgment on the Pleadings and that it erroneously found that Hershberger's actions were too attenuated from the second accident to establish direct and proximate cause.

■ It is well established that the scope of any duty is restricted to reasonably foreseeable risks, taking into consideration the circumstances of the individual case. *Zanine v. Gallagher,* 345 Pa.Superior Ct. 119, 497 A.2d 1332 (1985). However, in this case the element of duty has not been averred in the complaint. Therefore, speculation on the reasonable foreseeability of the possible risks of harm which could result from a breach of duty absent from the complaint is futile. Such a determination would be applicable only in a complaint against the person who allegedly removed the disabled vehicle and failed to remove the resulting fluids. Neither Hershberger nor the PA State Police fit in that category. Therefore, the consideration of whether or not proximate cause existed is equally fruitless. For those reasons, we cannot say that the trial court erred as a matter of law or manifestly abused its discretion in discussing foreseeability and proximate cause.

The failure to aver duty and the breach thereof are fatal defects in the complaint and would be sufficient grounds in and of themselves for granting judgment on the pleadings. However, because granting such a judgment is such a harsh disposition, we will address Adams's and Susko's remaining allegations of error.

■ Secondly, Adams and Susko claim that the trial court erred as a matter of law in finding that an unnamed tow truck operator's potential negligence was a superseding

cause of their accident, thus abrogating Hershberger's original negligence. Specifically, they allege that the trial court should not have considered allegations not included in the complaint nor admitted in any other of their pleadings.

Even though the trial court states in its opinion that (1) the actions or lack thereof by others intervened between Hershberger's alleged negligence and the second accident, thus becoming a supervening cause and (2) it is the responsibility of the tow truck operator, not the PA State Police, to remove fluids from the highways, these two somewhat unnecessary considerations do not negate the fact that the complaint fails to include the crucial averment regarding removal.[3] Significantly, the complaint does not include an averment alleging that either Hershberger or the PA State Police removed the disabled vehicle from the highway. Therefore, we agree with the trial court that the parties in their complaint do not state a cause of action in that there are no averments as to who had the duty to fulfill the requirements of the above-quoted Section 3709(c) of the Code.

Thirdly, Adams and Susko allege that the trial court erred in granting judgment on the pleadings in favor of Hershberger because it again considered allegations outside of the complaints and not admitted in other pleadings. Specifically, they again emphasize that the trial court improperly found that an unnamed tow truck driver's actions in removing the vehicle, but not the fluids, constituted an intervening and superseding cause. Adams and Susko point out that they never "admitted or pled that the wreckage and the substances were indeed removed from the highway." (Appellant's Brief at p. 17.) Once again, notwithstanding the trial court's mention of a tow truck driver, the failure of Adams and Susko to admit or plead crucial facts regarding removal is the critical point here. There-

---

**3.** While it is true that only facts specifically admitted by the opposing party may be considered against that party, we do not find that the trial court's consideration of an unnamed tow truck driver or any other intervening party constituted a manifest abuse of discretion or an error of law since the complaint is legally insufficient.

fore, even though they never admitted to any negligence on the part of the tow truck driver, that is irrelevant since the complaint does not state a cause of action against the named Appellees.[4]

■ Adams's and Susko's contention that even if the tow truck driver was negligent, then he would be a concurrent tortfeasor with Hershberger is also of no consequence here since their complaint against the latter is legally insufficient. Therefore, any assertion that the tow truck driver is an indispensable party to this action is somewhat absurd, considering that no cause of action was established in the complaint. While it is true that a plaintiff chooses whomever he sues and that joint tortfeasors may be sued either severally or jointly,[5] these facts do not abrogate the requirement that all of the elements of the action must be averred in order to avoid a judgment on the pleadings.

■ Lastly, Adams and Susko allege that the trial court erred in granting the judgment in favor of the PA State Police because it considered evidence not included in the complaint or other relevant pleadings. First, they contend that the trial court erred in accepting the PA State Police's denial that any fluid was evident on Route 30 at the time of the second accident.

In their Reply to New Matter, Adams and Susko denied the PA State Police's assertion; therefore, it may not be considered against them. Again, this consideration of averments not admitted by Adams and Susko does not justify overturning the trial court's determination since the complaint itself is insufficient.

■ Additionally, we agree with Adams and Susko that the trial court's suggestion that it is the tow truck operator's, and not the PA State Police's, obligation to remove fluids from the highway is overreaching and not admitted in

4. That failure makes their discussion of the distinction between an intervening and a superseding cause irrelevant also.

5. *Davenport v. Evans,* 360 Pa. 74, 60 A.2d 30 (1948).

the pleadings.[6] However, once again, this was not a material error on the part of the trial court which would necessitate our reversing its decision.

Adams and Susko further assert that the trial court erred in finding that no exception to the PA State Police's sovereign immunity, found in the Judicial Code, applied. In their brief, they assert that the following exception exists:

> (3) Care, custody or control of personal property.—The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

42 Pa.C.S. § 8522(b)(3). Also in their brief, they argue that the personal property exception should apply since Trooper Miller was physically at the scene, directed traffic, ensured that the injured was cared for and filed the accident report.

However, in the complaint, they aver only that Trooper Miller (1) investigated the first accident, (2) directed traffic and (3) failed to cause removal of any fluids from the Hershberger accident. Not included are averments that the PA State Police remained at the scene for the three hours intervening between the two accidents or that an agent of that body was in charge of the removal process or actually removed the first vehicle. While it is true that actual title to property is not required in order for the Section 8522(b)(3) exception to apply, Adams and Susko have failed to plead that the PA State Police had even arguable control of the wrecked vehicle and resulting fluids.

**6.** As a practical matter, the "[a]ny person" mentioned in Section 3709(c) of the Code who would usually remove the vehicle would likely be a tow truck operator, unless the car was still functional to some extent.

▮ Additionally, Adams and Susko contend that Section 7310(a) of the Code creates a duty in the PA State Police to remove the fluids. That section reads as follows:

Section 7310. Removal of vehicles and spilled cargo from roadway.

(a) General rule.—Police officers may remove or direct removal of abandoned or wrecked vehicles and spilled cargo from any roadway to the nearest point off the roadway where the vehicle or spilled cargo will not interfere with or obstruct traffic. *Immediately following an accident, the wrecked vehicle or spilled cargo shall be removed or directed to be removed from the roadway by a police officer if the owner or operator cannot remove the wrecked vehicle or refuses or fails to have the vehicle removed within a reasonable time.*

75 Pa.C.S. § 7310(a) (emphasis added).

Adams and Susko failed to allege that Hershberger, for whatever reason, either refused or failed to have his vehicle removed within a reasonable time, the effect of which would have been to activate the second sentence of Section 7310(a). In paragraphs II–A–1 and 2 of his Answer and New Matter, Hershberger averred that he was removed from the scene by an ambulance and was in no condition to effectuate any removal of his vehicle. However, Adams and Susko denied those averments in their Reply to New Matter and demanded strict proof of the same. Therefore, we cannot say that the trial court either made an error of law or manifestly abused its discretion in finding that Adams and Susko failed to state a cause of action against the PA State Police.

For these reasons, we must affirm.

### ORDER

AND NOW, this 27th day of March, 1990, the order of the Court of Common Pleas of Bedford County in the above-captioned matter is hereby affirmed.