600 A.2d 267

**Margaret A. GILSON, Appellant,**

**v.**

**John DOE and Oscar W. Knade, Jr., Ph.D. and Williamsport Area School District, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1991.

Decided Nov. 26, 1991.

---

.Jayne C. Shinko, for appellant.

Charles J. McKelvey, for appellees.

Before CRAIG, President Judge, and KELLEY, J. and BARBIERI, Senior Judge.

KELLEY, Judge.

Margaret A. Gilson appeals from an order of the Court of Common Pleas of Lycoming County (trial court) which granted summary judgment based on governmental immunity in favor of defendants Oscar W. Knade and Williamsport Area School District (collectively, the district).

We must determine whether the failure to install handicapped "curb cuts" in violation of statute can constitute a

"dangerous condition of sidewalks" so as to fall within one of the enumerated exceptions to governmental immunity. Because we conclude that such a failure may be actionable given the proper circumstances, we will affirm in part and reverse and remand in part.

On June 11, 1986, Gilson was driven by her husband to the Williamsport Area High School to attend her daughter's graduation ceremonies. Gilson at the time suffered from rheumatoid arthritis and experienced difficulty in walking even short distances. When the Gilsons reached the school grounds, they encountered an unidentified uniformed attendant (John Doe) directing traffic. Mr. Gilson informed Doe of his wife's condition, and requested that he be allowed either to park in the handicapped lot or to drop his wife off at the main entrance. Because the vehicle displayed no handicapped sticker, Doe refused both requests, and instead directed Mr. Gilson to park in the main parking lot.

After parking the car as directed, the Gilsons were obliged to walk some distance and climb several steps before reaching the area in front of the school, directly across from the gymnasium where the ceremonies were to take place. The Gilsons were then presented with the choice of walking a considerable distance around a looping driveway or following a crosswalk and sidewalk directly across the driveway loop. The Gilsons chose the latter route and, while stepping off the curb into the driveway, Gilson fell, sustaining injuries. Gilson alleges that no "curb cuts" for handicapped access existed at the point of the fall.

Gilson filed a seven-count complaint against Doe and the district. The counts against the district included vicarious liability for the negligence of Doe, negligence in the hiring and/or supervision of Doe, and negligence per se for failure to provide proper handicapped access in violation of statute.

The district filed an answer and new matter, raising the defenses of governmental immunity, comparative and contributory negligence and assumption of risk. Both parties filed motions for summary judgment and, on January 8,

1991, the trial court granted the district's motion as to all counts. The trial court concluded that Gilson's cause of action was barred, as it did not fall within any of the exceptions to governmental immunity, specifically the exceptions relating to the care and custody of real estate and to dangerous conditions of streets and sidewalks. Gilson concedes that the counts relating to negligent supervision and vicarious liability for the actions of Doe were properly dismissed, and appeals only the grant of summary judgment on the counts of the negligence of Doe and the two counts of negligence per se based on violation of statute.

Our scope of review of a grant of summary judgment is limited to determining whether there has been an error of law or manifest abuse of discretion. *Miller v. Emelson*, 103 Pa.Commonwealth Ct. 437, 520 A.2d 913 (1987). Summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b); *Scheetz v. Borough of Lansdale*, 64 Pa.Commonwealth Ct. 24, 438 A.2d 1048 (1982). The party who brought the motion has the burden of proving that no genuine issue of fact exists. All doubts as to the existence of a genuine issue of a material fact are to be resolved against the granting of summary judgment. *Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989).

A person seeking to recover damages against a local agency must establish the existence of the following conditions:

(1) that a private person would have a cause of action for his damages, based on the alleged injury and negligence, under common law or statute, 42 Pa.C.S. § 8542(a)(1); (2) that the negligent acts, or failure to act, of the municipality, or its employee acting within the scope of his duties, with respect to one of the eight categories listed in 42 Pa.C.S. § 8542(b), caused the plaintiff's injury; and (3)

that 'the injury occurs as a result of one of the eight acts set forth in 42 Pa.C.S. § 8542(b).'

*Giosa v. School District of Philadelphia,* 127 Pa.Commonwealth Ct. 537, 540, 562 A.2d 411, 412 (1989), *petition for allowance of appeal denied,* 525 Pa. 629, 578 A.2d 416 (1990) (quoting *Mascaro v. Youth Study Center,* 514 Pa. 351, 355, 523 A.2d 1118, 1120 (1987)).

## COMMON–LAW CAUSE OF ACTION

To recover on a theory of negligence, the plaintiff must prove (1) that the defendant owed a duty to the plaintiff, (2) that the defendant breached that duty, (3) that the breach of duty was the "proximate" or "legal" cause of the accident and (4) the plaintiff suffered an actual loss or damage. *Commonwealth v. Hickey,* 136 Pa.Commonwealth Ct. 223, 582 A.2d 734 (1990) (quoting W. Prosser and W. Keeton, The Law of Torts, 30 (5th ed. 1984)).

■ The duty may be established by statute, and violation of the statute may further establish breach of that duty, giving rise to negligence per se. *Id.,* 136 Pa.Commonwealth Ct. at 227, 582 A.2d at 736. Gilson argues that her cause of action is based on the theory of negligence per se, which in turn is grounded in alleged violations of the Physically Handicapped Act of 1965 (Act 235).[1]

Section 1 of Act 235 provides in relevant part:

The standards and specifications set forth in this act ... shall apply to all buildings used by the public, including, ... educational institutions ... which are constructed, ... on or after the effective date of this act, in whole or in part, by the use of Commonwealth funds or the funds of any instrumentality or political subdivision of the Commonwealth.

71 P.S. § 1455.1b(a).

Section 1.3 of Act 235 further provides that:

1. Act of September 1, 1965, P.L. 459, *as amended,* 71 P.S. §§ 1455.1–1455.3b.

All new construction, begun on or after the effective date of this act, of buildings and building sites which must comply with this act pursuant to [section 1455.1b] shall be accessible to and usable by persons with physical handicaps. New construction of buildings and building sites for which the contracts for the planning, design or both have been awarded prior to the effective date of this act shall not be construed as having begun construction on or after the effective date of this act.

71 P.S. § 1455.1c(a).

■ In its answer to Gilson's interrogatory, the district stated that rough grading on the high school site began in July, 1967, and that the building opened for classes in August, 1972. The effective date of Act 235 was September 1, 1965. While it is true that the building would be exempt from the requirements of Act 235 if contracts had been let prior to the effective date, we can find no evidence of any prior date in the record.

Section 2 of Act 235 further provides that:

Public walks shall be at least 48 inches wide and shall have a gradient not greater than 5 per cent. These walks shall be of a continuing common surface, not interrupted by steps or abrupt changes in level. *Wherever walks cross other walks, driveways, or parking lots they shall blend to a common level.* ...[2]

(Emphasis added.) 71 P.S. § 1455.2(a).

■ Gilson has alleged that Act 235 is applicable to this case, that no curb cuts existed and that the failure to install such curb cuts violates the act. These allegations sufficiently set forth a cause of action for damages recoverable at common law, which satisfies the first prong of the *Giosa* test.

2. Sections 3, 5 and 10 of the Act of December 20, 1988, P.L. 1296, provide that the specific requirements of this section are repealed effective upon promulgation, by the Department of Labor and Industry, of rules and regulations necessary to carry out the purposes of the act. As of April 1, 1991, no such regulations had been promulgated.

## EXCEPTION TO IMMUNITY

■ Section 8542(b) of the Code sets out eight exceptions to immunity. We believe that only one of these is relevant here, which provides in relevant part that liability may be imposed on a local agency for:

(7) *Sidewalks*—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. ...[3]

■ Our courts have construed these exceptions narrowly, and required that the "dangerous condition" be a condition *of the sidewalk itself,* and not merely a condition existing *on* the sidewalk. *See, e.g., Ambacher v. Penrose,* 92 Pa.Commonwealth Ct. 401, 499 A.2d 716 (1985); *Ziccardi v. School District of Philadelphia,* 91 Pa.Commonwealth Ct. 595, 498 A.2d 452 (1985). The trial court here, however, erred in concluding that the alleged failure to install a statutorily-required curb cut could not as a matter of law constitute such a dangerous condition and therefore could not fall within the sidewalk exception.

The trial court found that there was no "intrinsic defect" in the sidewalk, and therefore concluded that there was no dangerous condition of the sidewalk. While it is true that we have required a showing that the dangerous condition be *of* rather than *on* the sidewalk, we have never limited

---

**3.** Gilson also argues that the real property exception or the streets exception may be applicable. We note, however, that the real property exception, 42 Pa.C.S. § 8542(b)(3) specifically provides that "real property" shall not include streets or sidewalks. Because Gilson asserts a statutory duty which applies to "public walks," we believe that the sidewalk exception, rather than the streets exception is applicable to this case.

dangerous conditions solely to "intrinsic defects," and decline to do so here.

In *Giosa*, 127 Pa.Commonwealth Ct. at 543, 562 A.2d at 414, we reversed a grant of summary judgment in which the trial court had held that an accumulation of snow and ice could never constitute a condition *of* the sidewalk. We explained that summary judgment was inappropriate where the plaintiff had pled a cause of action recognized at common law, had alleged actual or constructive notice of the condition and a duty to correct that condition. The duty in *Giosa* was supplied by the common law "hills and ridges doctrine," and breach of that duty was held to result in a dangerous condition. There was no allegation of any intrinsic defect in the sidewalk. Rather, the dangerous condition found to exist was caused by breach of the duty to remove the accumulated snow and ice.

In this case, Gilson has alleged a statutory duty to construct curb cuts. If proven, breach of this duty can result in a dangerous condition of the sidewalk, despite the fact that no "intrinsic defect" exists.

## CAUSATION

Finally, the dangerous condition must actually cause the injury, and not merely facilitate it. For example, in *Mitchell v. City of Philadelphia,* 141 Pa.Commonwealth Ct. 695, 596 A.2d 1205 (1991), the alleged dangerous condition was a hole in a fence surrounding a public swimming pool. After gaining access to the pool through the hole in the fence, decedent drowned. The Court in *Mitchell* found that no exception to immunity applied, because the alleged dangerous condition, the hole in the fence, merely facilitated rather than caused the death. *See also Gardner v. Consolidated Rail Corp.*, 524 Pa. 445, 573 A.2d 1016 (1990). Here, however, Gilson has alleged that the dangerous condition itself caused the injury, not merely facilitated it.

In *Gump v. Chartiers–Houston School District*, 125 Pa.Commonwealth Ct. 596, 558 A.2d 589 (1989), plaintiff, a member of the school wrestling team, was injured while

running sprints in the school hallway under the direction of the wrestling coach. As he reached the end of the hallway, plaintiff was unable to negotiate a turn and suffered lacerations when his hand went through a window pane in the hallway door. Plaintiff argued that the injury was caused by a defect in the real estate; namely, failure to install shatterproof glass in the window. The defendant school district contended that the claim amounted to negligent supervision. This Court concluded that plaintiff's allegations squarely placed them within the real estate exception to governmental immunity.

In this case, as in *Gump*, while the negligent supervision may have facilitated the injury, Gilson has sufficiently alleged that the injury was caused by a dangerous condition of the sidewalk.

We therefore conclude that the trial court correctly granted summary judgment on the counts relating to negligent supervision and vicarious liability, but erred in granting summary judgment on the two counts of negligence per se. Accordingly, the order of the Court of Common Pleas of Lycoming County is affirmed as to counts 2, 3, 5 and 6. The order granting summary judgment in favor of the district on counts 4 and 7, and in favor of Doe on count 1 is reversed, and the case is remanded for further proceedings consistent with this opinion.

## ORDER

NOW, this 26th day of November, 1991, the order of the Court of Common Pleas of Lycoming County, No. 87–01097, dated January 7, 1991, is affirmed as to counts 2, 3, 5 and 6. The order is reversed as to counts 1, 4 and 7 and the case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.