611 A.2d 1353

**Richard S. NORBERT and Karen H. Norbert, his wife, Appellants,**

**v.**

**COMMONWEALTH of Pennsylvania, STATE POLICE, Appellee.**

**Richard S. NORBERT and Karen H. Norbert, his wife, Appellants,**

**v.**

**PENNSYLVANIA TURNPIKE COMMISSION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1992.

Decided June 12, 1992.

C. Crady Swisher, III, for appellants.

Joseph A. Petrarca, Jr., for appellee.

Before DOYLE and KELLEY, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Richard S. Norbert and Karen S. Norbert (the Norberts) appeal from orders of the Court of Common Pleas of Allegheny County[1] which sustained the preliminary objections filed by the Pennsylvania Turnpike Commission (Commission) and the Pennsylvania State Police (State Police) and dismissed the Norberts' complaint against each with prejudice.

The facts as alleged in the Norberts' complaint are as follows: At approximately 4:38 a.m. on August 16, 1988, Richard Norbert was operating a truck in the outer westbound lane of the Pennsylvania Turnpike near Monroeville when he encountered a large truck tire and wheel in the middle of the lane. Norbert attempted to avoid the wheel and tire, but was unable to do so. The tire temporarily lodged in the undercarriage of Norbert's truck, causing him to lose

1. This case was reassigned to the opinion writer on March 23, 1992.

control of the truck and crash. As a result of this accident, Norbert suffered serious injuries.

The Norberts brought suit against the State Police and the Commission.[2] As against the State Police, the Norberts alleged the following:

> Prior to the crash involving Mr. Norbert, there had been another traffic incident involving the tire on west bound U.S. Route Interstate 76, which the State Police had investigated. Despite having investigated the earlier incident, the State Police negligently, and with reckless disregard for the safety of motorists on Interstate 76, and in breach of their duty as State Policemen, failed to remove the tire and wheel from Interstate 76.

Both the State Police and the Commission filed preliminary objections in the nature of a demurrer alleging that "[the Norberts'] cause of action fails to fall within one or another of the statutory categories of waived sovereign immunity applicable to claims against agencies of the Commonwealth of Pennsylvania." The common pleas court sustained the preliminary objections of the State Police and the Commission. This appeal followed.

Initially, we note that a preliminary objection in the nature of a demurrer admits as true every fact which is well pled and all inferences reasonably deducible therefrom. *Curtis v. Cleland,* 122 Pa.Commonwealth Ct. 328, 552 A.2d 316 (1988). In ruling on a preliminary objection in the nature of a demurrer, the court's role is to determine whether the facts pled are legally sufficient to permit the action to continue. *Department of Public Welfare v. Joyce,* 128 Pa.Commonwealth Ct. 341, 563 A.2d 590 (1989). In order to sustain such a preliminary objection, it must appear with certainty upon the facts pled that the law will not permit recovery. *Bahian by Bahian v. Department of Public Welfare,* 89 Pa.Commonwealth Ct. 644, 493 A.2d 803 (1985). Where any doubt exists as to whether the preliminary objection should be sustained,

2. The Norberts brought suit against numerous other defendants, none of which is relevant to the instant appeal.

that doubt should be resolved by a refusal to sustain it. *Monti v. City of Pittsburgh,* 26 Pa. Commonwealth Ct. 490, 364 A.2d 764 (1976).

◼ A plaintiff seeking to overcome the defense of sovereign immunity under Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522 must meet two distinct requirements. First, the plaintiff must show that he possesses a common law or statutory cause of action against a Commonwealth party, Section 8522(a), 42 Pa.C.S. § 8522(a), and second, he must demonstrate that the cause of action falls within one of the exceptions to sovereign immunity contained in Section 8522(b), 42 Pa.C.S. § 8522(b).

◼ The Norberts allege that two Sections of the Vehicle Code [3] imposed a duty upon the State Police to remove the tire from the highway. Section 3709 of the Vehicle Code, 75 Pa.C.S. § 3709, entitled "Depositing waste and other material on highway," provides in pertinent part:

**(c) Removal of material following accident.**—Any person removing a wrecked, damaged or disabled vehicle from a highway shall remove from the highway or neutralize any glass, oil or other injurious substance resulting from the accident or disablement.

In *Susko v. Pennsylvania State Police,* 132 Pa.Commonwealth Ct. 263, 572 A.2d 831 (1990), *petition for allowance of appeal denied,* 526 Pa. 644, 584 A.2d 325 (1990), this Court considered the nature of the duty imposed by Section 3709 to remove debris left on a highway as a result of an accident. In *Susko,* the plaintiffs were injured when the motorcycle on which they were riding skidded on fluids allegedly left on a roadway as the result of a prior accident. The plaintiffs brought suit against both the driver of the vehicle involved in the first accident and the State Police. Judgment on the pleadings was granted in favor of both defendants. On appeal, the plaintiffs argued that Section 3709(c) imposed a duty on the driver to remove the fluid. This Court opined:

**3.** 75 Pa.C.S. §§ 101–9910.

[T]he General Assembly was very clear in requiring the person removing the damaged automobile to also remove any substance resulting therefrom. Therefore, in order for [the plaintiffs] to plead a cause of action based on [the driver's] or the PA State Police's failure to remove the substances, they would have had to allege that [the driver] or an agent of the PA State Police removed the damaged vehicle. Because they failed to do so, we cannot sua sponte charge anyone with the duty of removing substances or any breach of the same.

*Id.* 132 Pa.Cmwlth. at 271–72, 572 A.2d at 835. The Norberts' complaint does not allege that the State Police removed the damaged vehicle from the roadway; it alleges only that the State Police "failed to remove the tire and wheel from Interstate 76." The complaint is, therefore, based upon the rationale in *Susko,* inadequate to establish a duty on the State Police.

■ Additionally, the Norberts also rely on Section 7310(a) of the Vehicle Code, 75 Pa.C.S. § 7310(a), entitled "Removal of vehicles and spilled cargo from roadway," to impose a duty upon the State Police. That Section pertinently provides:

(a) **General rule.**—Police officers may remove or direct removal of abandoned or wrecked vehicles and spilled cargo from any roadway to the nearest point off the roadway where the vehicle or spilled cargo will not interfere with or obstruct traffic. Immediately following an accident, the wrecked vehicle or spilled cargo shall be removed or directed to be removed from the roadway by a police officer if the owner or operator cannot remove the wrecked vehicle or refuses or fails to have the vehicle removed within a reasonable time.

The Norberts, in their complaint, do not allege that the owner of the vehicle could not remove the tire from the roadway or refused or failed to remove it within a reasonable time. The Norberts allege only that the State Police investigated a prior accident involving the tire and failed to remove it from the roadway. Section 7310(a), therefore, does not serve

to impose a duty upon the State Police to remove the tire from the roadway. *See Susko.*

The Norberts further allege that the State Police owed a special common law duty to motorists travelling westbound on the turnpike near Monroeville to remove the tire and rim from the roadway after the first collision.

There is generally no duty resting on a municipality or other governmental body to provide police protection to any particular person. *Thomas v. City of Philadelphia*, 133 Pa.Commonwealth Ct. 121, 124, 574 A.2d 1205, 1206 (1990), *petition for allowance of appeal denied*, 527 Pa. 659, 593 A.2d 429 (1990), (citing *Melendez v. City of Philadelphia*, 320 Pa.Superior Ct. 59, 64, 466 A.2d 1060, 1063 (1983)). A very narrow exception to this principle does exist, but only where there are circumstances establishing a special relationship between the police and an individual, such as where the police have expressly promised to protect a specific individual from precise harm. *Bruce v. Department of Transportation*, 138 Pa.Commonwealth Ct. 187, 192–93, 588 A.2d 974, 977 (1991). Where such a relationship is established the police and the municipality owe a duty to the victim which can give rise to tort liability. *Yates v. City of Philadelphia*, 134 Pa.Commonwealth Ct. 282, 578 A.2d 609 (1990), *petition for allowance of appeal denied*, 527 Pa. 660, 593 A.2d 430 (1991). In their complaint, the Norberts did not allege any special relationship between the State Police and themselves which would impose such a duty.

Because the Norberts' complaint does not set forth a cause of action recognized at common law or conferred by statute, it does not meet the threshold test under Section 8522(a). We hold, therefore, that the common pleas court did not err in concluding that the Norberts' complaint against the State Police does not set forth a cause of action under Section 8522 of the Judicial Code.

We next consider whether the Norberts' complaint states a cause of action against the Commission. The Norberts argue that the Commission has the responsibility to maintain the

Turnpike and to protect the safety of persons and property on the Turnpike. They further contend the Commission's failure to remove the tire, despite its knowledge of the presence of the tire on the roadway, constitutes a breach of that duty. For purposes of this appeal, we will assume that the Norberts' complaint adequately alleges a duty on the part of the Commission to those travelling on the Turnpike. *See generally, Department of Transportation v. Pennsylvania Public Utility Commission*, 79 Pa.Commonwealth Ct. 266, 469 A.2d 1149 (1983) (the Department has a continuing responsibility for the safe passageway of the traveling public over Commonwealth highways arising from its administrative and advisory functions). We then consider whether the Norberts' cause of action falls within an exception to sovereign immunity.

The Norberts contend that the presence of the tire on the roadway of the turnpike constituted a dangerous condition *of* the highway. Thus, the immunity of the Commission (and the State Police) is waived pursuant to Section 8522(b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4).[4] That Section provides as follows:

> **(b) Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . . .
>
> (4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency. . . .

In *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), our Supreme Court construed the language of Section 8522(b)(4)

---

4. Any argument that the Norberts' cause of action falls within any other exception to sovereign immunity has been waived; no other basis was argued or briefed in this appeal.

under the real property exception.  In *Snyder,* the Court considered a claim that the Department was negligent for failing to warn of a dangerous condition existing on property adjacent to Commonwealth land.  The Court began its analysis by examining the language of Section 8522(b)(4).  The Court opined:

> Because the general assembly intended to exempt the Commonwealth from immunity only in specific clearly defined situations, we must strictly construe this real property exception.. We also are not free to change the clear meaning of the words to reach a desired result if the statutory language is unambiguous.  1 Pa.C.S. § 1921(b).  The unambiguous language of Section 8522(b)(4) in relevant part provides "A dangerous condition of Commonwealth agency real estate...." [5]  These key words indicate that a dangerous condition must *derive, originate from or have as its source* the Commonwealth realty.

---

[5]   The critical word in the statutory language is the word "of".  The meaning ascribed to this preposition is "(2) used to indicate derivation, origin or source."  *See The Random House Dictionary of the English Language* Copyright 1966 by Random House, Inc.

*Snyder,* 522 Pa. at 433, 562 A.2d at 311 (emphasis added) (some citations omitted).  The Court then held that "sovereign immunity is waived pursuant to 42 Pa.C.S. § 8522(b)(4) where it is alleged that the artificial condition or defect of the land itself causes an injury to occur." *Id.,* 522 Pa. at 434–35, 562 A.2d at 312.  The Court determined that the alleged defect, the absence of lighting so as to create a deceptive appearance of the shoulder of the road, was not either an artificial condition or a defect *of* the land itself.  Thus, cause of action did not fall within Section 8522(b)(4).

A recent decision of this Court, *Wellons v. Southeastern Pennsylvania Transportation Authority,* 141 Pa.Commonwealth Ct. 622, 596 A.2d 1169 (1991), is analogous.  In *Wellons,* the Court construed the real estate exception to governmental immunity under Section 8542(b)(3) of the Judicial Code, 42 Pa.C.S. § 8542(b)(3).  In that case, the plaintiff was injured when he slipped on a paper bag on the steps of an elevated train platform.  This Court held that because his

injuries were caused by the actions of a third party and not caused by an artificial condition or defect of the land, his complaint did not fall within the real property exception to local governmental immunity.[5]

In the case before us, there is no allegation in the complaint that any artificial condition or defect in the highway itself caused the injury.[6] Rather the complaint alleges that the Commission was negligent in failing to remove a tire left on the roadway by an unknown third party. The allegations in the complaint are therefore, insufficient to state a claim which falls within the highway exception. Accordingly, we hold that the common pleas court did not err in dismissing the Norberts' complaint.

Based on the above discussion, we affirm the orders of the Common Pleas Court of Allegheny County.

## ORDER

### (Nos. 506 and 507 C.D. 1991)

NOW, June 12, 1992, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

BARRY, Senior Judge, concurring and dissenting.

I agree that the Norberts failed to plead sufficient facts to meet the threshold test under 42 Pa.C.S. § 8522(a). As to the

5. *See also Gilson v. Doe,* 143 Pa.Commonwealth Ct. 591, 600 A.2d 267 (1991). In *Gilson,* the Court considered whether a failure to install curb cuts in a sidewalk constituted a dangerous condition within the meaning of Section 8542(b)(7) of the Judicial Code, 42 Pa.C.S. § 8542(b)(7). In that case, the plaintiff alleged that the Williamsport Area School District had a duty under the Act of September 1, 1965, P.L. 459, *as amended,* 71 P.S. §§ 1455.1–1455.3b, to install curb cuts. This Court opined that although a showing that the dangerous condition be *of* rather than *on* the sidewalk, dangerous conditions are not limited solely to "intrinsic defects." The Court went on to conclude that breach of the statutory duty to install curb cuts, if proven, could result in a dangerous condition of the sidewalk, despite the fact that no "intrinsic defect" exists.

6. Although *Snyder* involved an alleged "dangerous condition of Commonwealth real estate," its interpretation of the language used in Section 8522(b)(4) is also applicable to an alleged "dangerous condition of a highway."

Turnpike Commission, the Norberts allege that the Commission was aware that the tire and wheel were lying upon the roadway yet failed to remove them. I believe those allegations are sufficient to require a denial of the Commission's motion for judgment on the pleadings.

In *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), the Supreme Court specifically stated that immunity had been waived "where it is alleged that the artificial condition *or* defect of the land itself causes an injury to occur." *Id.,* 522 Pa. at 434–35, 562 A.2d at 312 (footnote omitted) (emphasis added). Debris from an accident is no doubt an "artificial condition". The Norberts have alleged that the accident was caused when their car struck the debris. No more need be alleged.

The majority seems to draw a distinction between an artificial condition *on* the highway as opposed to an artificial condition *of* the highway. *Snyder* does not require such a distinction because that case dealt with an injury that happened off the Commonwealth real estate and therefore has nothing to do with artificial conditions. Furthermore, the Supreme Court has never held that such a distinction was crucial in cases involving artificial conditions.[1]

Suppose that a boulder fell onto the Turnpike from adjoining land not owned by the Commission and further suppose that it fell at such a point on the road that a motorist traveling at the speed limit would be incapable of stopping before colliding with the boulder. The reasoning of the majority would allow the Commission to do *absolutely nothing forever,* i.e., either remove the boulder or warn of the impending danger, and yet escape liability for any injuries caused by a collision. The law should not allow, nor could the Legislature have intended such a result. The Legislature could have decided that the Commission was absolutely immune for any dangerous condition but it did not. To draw a distinction between a dangerous artificial condition *on* the highway and a

1. In *Snyder,* the court used language, relied upon by the majority in this case, that the Legislature's use of the word "of" was critical. Because the injury in *Snyder* occurred on real estate that was not Commonwealth real estate, that language was dicta.

dangerous artificial condition *of* the highway for immunity purposes is specious. Had that been the intention of the Legislature, I believe it was required to clearly draw such a distinction which it did not do. I believe, in any event, that a tire lying upon a highway, is a dangerous condition *of* the highway.

For all of these reasons, I would vacate that portion of the trial court's order that granted judgment on the pleadings in favor of the Commission and remand for further proceedings.